[No. D007764. Fourth Dist., Div. One. Jan. 27, 1989.]

KATHLEEN T. BRYTE, Plaintiff and Appellant, v.
CITY OF LA MESA et al., Defendants and Respondents.

**COUNSEL**

Sutherland, Gerber, Larsen & Rood and Christopher Larsen for Plaintiff and Appellant.

Ault, Deuprey, Jones, Danielsen & Gorman and R. Michael Jordan for Defendants and Respondents.

**OPINION**

**FROEHLICH, J.**—The facts of the case are not in dispute. The procedures resulting in the contested judgment were summary. ■ The sole issue of the case is the constitutionality of section 8102 of the Welfare and Institutions Code.[1] This section provides for the confiscation of "deadly

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

weapons" found in the possession of a person who is detained for examination as to mental condition. The statute provides that the weapons will not be released except upon order of the superior court. Plaintiff contends this seizure and retention of property constitutes a procedure which is violative of the due process clauses of both the federal and state Constitutions. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.)

Plaintiff Bryte was an outpatient at Grossmont Hospital, living temporarily in a motel in La Mesa. For reasons which do not affect our opinion, the La Mesa police were called to Bryte's motel room, and found her in a physical and mental condition which reasonably caused them to detain her for a mental examination. At the time of her detention, the police found in her motel room deadly weapons as defined in section 8100 (a knife, a handgun, four rifles and a shotgun). This property was confiscated, i.e., taken into custody of the police, in accordance with section 8102.

The hospital to which Bryte was taken released her, after determining that she was not a danger to herself or others. Informal requests for return of her weapons produced no satisfaction, so Bryte brought suit in superior court. She sought, among other relief, not only a return of her weapons but a determination of the unconstitutionality of the statute. Upon noticed and opposed motion, the superior court ordered a return of the weapons.[2]

Approximately one month following the recovery of the weapons, defendants interposed a demurrer to the still-pending complaint. The demurrer was sustained without leave to amend and the complaint was dismissed. While the three causes of action remaining in the complaint potentially raise several issues, the only subject of the appeal is the superior court's determination of constitutionality of the statute.

█ There is no question but that firearms and weapons are "property" and, accordingly, that the due process clauses of the federal and state Constitutions apply to their seizure. A person's property may not be confiscated by the state without "some kind of notice and opportunity to be heard." (*Fuentes* v. *Shevin* (1972) 407 U.S. 67, 79-80 [32 L.Ed.2d 556, 569-570, 92 S.Ct. 1983].) While in most cases the hearing will be required before the taking, unusual circumstances may permit the postponement of notice and hearing until after the initial taking has occurred. (*Kash Enterprises, Inc.* v. *City of Los Angeles* (1977) 19 Cal.3d 294, 308 [138 Cal.Rptr. 53, 562 P.2d 1302].) Plaintiff concedes that the finding of deadly weapons in the

---

[2]No specific statutory authority, other than that implied in section 8102, was cited. While the motion was made by plaintiff, the burden of proof was imposed upon the defendant city, in accordance with provisions of a court of appeal order denying plaintiff's petition for a writ, filed prior to her motion in the superior court.

possession of a person who has been taken into custody for apparent mental illness is an "unusual circumstance" which permits postponement of the notice and hearing requirements until after property seizure. ■■■ The issue before us, therefore, is whether the statutory (or other) provision for postseizure hearing meets constitutional requirements.[3]

Early federal cases suggest that the availability of an ordinary action for return of property or for compensation is a remedy sufficient to meet constitutional muster; as, for instance, the existence of a tort claims act permitting an action for damages against the state. (See, e.g., *North American Cold Storage Company* v. *City of Chicago* (1908) 211 U.S. 306 [53 L.Ed. 195, 29 S.Ct. 101].) Under such reasoning the existence of either a statutory or common law remedy for the taking provides a sufficient opportunity for a hearing, and obviates any requirement that the statute authorizing the seizure itself contain hearing procedures.

Current authority, more relevant to our time and circumstance, holds the existence of a collateral judicial remedy to be insufficient to satisfy due process requirements. As stated in *Merco Constr. Engineers, Inc.* v. *Los Angeles Unified Sch. Dist.* (1969) 274 Cal.App.2d 154 at page 167 [79 Cal.Rptr. 23]: ". . . the statute itself must provide for notice of the time and place of hearing where the parties may present in a regular and orderly manner issues of law and fact." This position has been restated and affirmed in *Kash Enterprises, Inc.* v. *City of Los Angeles, supra,* 19 Cal.3d 294 and *Menefee & Son* v. *Department of Food & Agriculture* (1988) 199 Cal.App.3d 774 [245 Cal.Rptr. 330].

The city contends an explicit provision for a hearing is not required if the statute "impliedly" contains the hearing requirement. While affirming this premise, it was nevertheless held in *Phillips* v. *San Luis Obispo Dept. etc. Regulation* (1986) 183 Cal.App.3d 372 [228 Cal.Rptr. 101] that such implication cannot be made without "some language from which that requirement can be inferred." (*Id.* at p. 379.) Defendants contend the reference in section 8102 to release of the weapons "upon an order of the superior court" provides the necessary implication. The suggested implied hearing, then, is a plenary action in the superior court, either by the seizing authority or the private property owner. The most recent authority on the subject rejects this concept. In *Menefee & Son* v. *Department of Food & Agriculture, supra,* 199 Cal.App.3d at pages 782-783, the court stated "even if we concluded that the availability of a judicial action could serve as a substitute for

---

[3] It appears that the issue of constitutionality of the seizure remains viable on appeal even though the property was returned to its owner after temporary deprivation. (See *Goldin* v. *Public Utilities Commission* (1979) 23 Cal.3d 638, 661, fn. 11 [153 Cal.Rptr. 802, 592 P.2d 289].)

an administrative hearing, we would still find [the statute] deficient. It [would compel] the owner to institute the action rather than the department."[4]

The *Menefee* reasoning is compelling in our case. Bryte's weapons are suggested by the evidence to have been worth some $2,700, and hence the value of her confiscated property may be assumed to be greater than the typical value of "weapons" in the possession of a person detained for mental observation. Even so, the imposition of a requirement of affirmative action by the property owner, including the preparation of formal pleadings, the payment of a filing fee, and subsequent participation in all the formal procedural devices of a superior court action, must be deemed unreasonable.[5] The controlling authorities—*Kash, Merco* and *Menefee, supra,*—require that a statute permitting peremptory seizure of property contain within its own ambit a provision for administrative review. Section 8102 contains no such provision; hence its authority for seizure of property must be found wanting in terms of due process requirements.

It is therefore our conclusion that section 8102 violates federal and state constitutional due process, and that the lower court's holding to the contrary was erroneous.[6]

---

[4] Indeed, review of legislative history indicates this was exactly the burden contemplated. In the final written analysis of the bill given to the Assembly it is stated: "Confiscation. This bill would eliminate the requirement that the weapon be returned to the patient within 30 days of discharge unless the law enforcement can justify why not. The bill, instead, would make the confiscation permanent unless the patient can go to superior court and demonstrate an absence of danger." (Assem. Office of Research, 3d reading analysis of Sen. Bill No. 1034 (1985-1986 Reg. Sess.) p. 2.)

[5] In this case, for instance, even though the city and its police were advised very shortly after her detention that Bryte posed no danger to herself or other persons, she was opposed at every step in attempting to recover her weapons. Her superior court complaint was removed upon defense motion to the federal court; after pleadings and hearing in the federal court it was remanded to the superior court; thereafter her motion for recovery of her property was opposed by the defense, requiring a superior court evidentiary hearing, notwithstanding that the city apparently had no evidence to controvert Bryte's entitlement to recovery of her property.

[6] Our conclusion that section 8102 is unconstitutional, resting as it does on the failure of the section to provide ready administrative review of property confiscation, does not imply any disfavor of a seizure provision which did incorporate such protection. Section 8102 itself, prior to its amendment in 1985, appears to have incorporated an appropriate procedure for prompt adjudication of entitlement to weapon repossession. Also, as must be clear from the specific facts of this case, our ruling does not impact other statutory provisions, not before us, pertaining to weapons control. (See, e.g., Pen. Code, §§ 833, 846 [seizure of weapons on arrest]; Welf. & Inst. Code, §§ 8100, 8103 [preclusion of weapons possession by mental patients or those adjudicated to suffer from mental disorders]; and the provisions, generally, of the Lanterman-Petris-Short Act as contained in Welf. & Inst. Code, § 5000 et seq.)

## DISPOSITION

The judgment holding the statute to be constitutional is reversed. The case is remanded with instructions to the trial court to enter judgment holding the statute unconstitutional and for such further proceedings as may be consistent with this opinion. On remand, the superior court may entertain motions for costs or other ancillary relief as may be consistent with our determination that the plaintiff should prevail in her assertion of unconstitutionality of the statute.

Wiener, Acting P. J., and Work, J., concurred.

A petition for a rehearing was denied February 22, 1989, and the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied May 18, 1989. Mosk, J., was of the opinion that the petition should be granted.