[No. B136093. Second Dist., Div. Six. Oct. 24, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
ONE RUGER .22-CALIBER PISTOL et al., Defendants;
TODD VEDEN, Defendant and Appellant.

**COUNSEL**

Paul A. Doyle, Jr., for Defendant and Appellant.

Michael D. Bradbury, District Attorney, and Miriam R. Arichea, Deputy District Attorney, for Plaintiff and Respondent.

## OPINION

**GILBERT, P. J.**—Welfare and Institutions Code section 8102 authorizes the seizure and possible forfeiture of weapons belonging to persons detained for examination because of their mental condition.[1] (§ 5150.) Here we conclude section 8102 is constitutional.[2]

We also conclude that in a section 8102 hearing, testimony of a psychiatrist who examines a person detained pursuant to section 5150, is admissible under Evidence Code section 1016 and not covered by the psychotherapist-patient privilege. (Evid. Code, § 1010 et seq.) We affirm.

### FACTS

Todd Veden called police to his home because he was concerned about chemicals stored in his garage. Because of his strange behavior, the officers took Veden into custody for a 72-hour evaluation of an apparent mental disorder. (§ 5150.) The police also confiscated 15 firearms from a safe in Veden's garage. (§ 8102, subd. (c).)

The district attorney filed a petition to determine whether returning the firearms would be likely to endanger Veden or others. (§ 8102, subd. (a).)

Over Veden's objection, the trial court allowed psychiatrist Mustafa Humeid to testify that during Veden's section 5150 confinement he suffered major depression with psychotic symptoms. Humeid opined that Veden was a danger to himself and others.

In summarizing the evidence the trial court stated "the symptoms in question included delusional thinking and paranoia. In the opinion of Doctor Humeid this was the result of a continued pre-detention use of methamphetamine." The trial court ordered the forfeiture of the firearms.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2] In relevant part, section 8102 provides that "(b) Upon confiscation of any firearm or other deadly weapon from a person who has been detained or apprehended for examination of his or her mental condition, the peace officer or law enforcement agency shall notify the person of the procedure for the return of any firearm or other deadly weapon which has been confiscated. [¶] . . . [¶] (c) Upon the release of a person as described in subdivision (b), the confiscating law enforcement agency shall have 30 days, unless good cause is shown, to initiate a petition in the superior court for a hearing to determine whether the return of a firearm or other deadly weapon would be likely to result in endangering the person or others, and to send a notice advising the person of his or her right to a hearing on this issue."

## DISCUSSION

### *Section 8102*

■ Veden contends that section 8102 denies him due process of law because it requires him to take affirmative action to prevent the forfeiture of his weapons. Veden relies on *Bryte v. City of La Mesa* (1989) 207 Cal.App.3d 687, 691 [255 Cal.Rptr. 64], which holds that a prior version of section 8102 was unconstitutional. That version provided that a "firearm or other deadly weapon shall not be released from the custody of the law enforcement agency . . . except upon an order of the superior court based upon a finding that the person may possess the firearm or other deadly weapon without endangering others." (Former § 8102, added by Stats. 1985, ch. 1324, § 3.5, p. 4613, and repealed by Stats. 1991, ch. 866, § 8, pp. 3845-3846.)

*Bryte* concluded that this provision was unconstitutional because it permitted automatic forfeiture unless the firearm owner filed a judicial action for the return of his property. This required "preparation of formal pleadings, the payment of a filing fee, and subsequent participation in all the formal procedural devices of a superior court action . . . ." (*Bryte v. City of La Mesa, supra,* 207 Cal.App.3d at pp. 690-691, fn. omitted.) To pass constitutional muster, " '. . . the statute itself must provide for notice of the time and place of hearing where the parties may present in a regular and orderly manner issues of law and fact.' " (*Bryte v. City of La Mesa, supra,* 207 Cal.App.3d at pp. 690-691; see also *Menefee & Son v. Department of Food & Agriculture* (1988) 199 Cal.App.3d 774 [245 Cal.Rptr. 166].)

The Legislature amended section 8102 in 1989[3] to correct the shortcomings noted in *Bryte.* Under the current statute, the firearms must be returned unless the law enforcement agency timely files a petition to determine whether returning the firearms "would be likely to result in endangering the person or others, and [sends] a notice advising the person of his or her right to a hearing on this issue." (§ 8102, subds. (c) & (g).) This provision provides the procedure missing from the earlier version of the statute reviewed by *Bryte,* and satisfies due process by requiring notice and an

---

[3]Statutes 1989, chapter 921, section 3, page 3206 states: "It is essential that a constitutionally sound mechanism authorizing a procedure for the confiscation of firearms or other deadly weapons in the hands of persons taken into custody for evaluation of their mental condition, always be available to law enforcement agencies. [¶] The case of *Bryte v. City of La Mesa*[, *supra,*] has cast doubt upon the validity of the current statutory authority regarding confiscation of these weapons. This doubt and the great danger which would result if law enforcement agencies are left with no statutory authority to confiscate these weapons, make it necessary that this bill take effect immediately."

opportunity to be heard. (*Traverso v. People ex rel. Dept. of Transportation* (1993) 6 Cal.4th 1152, 1162 [26 Cal.Rptr.2d 217, 864 P.2d 488].)

Unlike the former statute, section 8102 now places the onus upon law enforcement to initiate the forfeiture proceeding, which consists of a single hearing limited to determining whether a return of the firearms "would be likely to result in endangering" their owner or other persons. (§ 8102, subd. (c).) At the time the weapon is seized, the seizing agency must notify the person from whom the weapon is seized, "of the procedure for the return of any firearm or other deadly weapon which has been confiscated." (§ 8102, subd. (b).) If the person is released at the time of the taking, the burden is on the designee of the facility in which the person has been held to give such notice. (*Ibid.*) Absent a showing of good cause, the agency has 30 days from the date of the release as specified in subdivision (b) to initiate a petition for a hearing to determine whether "the return of a firearm or other deadly weapon would be likely to result in endangering the person or others," and to give the person notice of such hearing. (§ 8102, subd. (c).)

Thereafter, the law enforcement agency must notify the person of his or her duty to respond in 30 days to the court clerk if a hearing is desired. If such a response is made, the hearing shall be set by the clerk within 30 days of the request. (§ 8102, subd. (e).) Should the agency fail to initiate proceedings as specified, "it shall make the weapon available for return." (§ 8102, subd. (g).) Indeed, *Bryte* endorsed the pre-1985 version of section 8102 as appearing "to have incorporated an appropriate procedure for prompt adjudication of entitlement to weapon repossession," and that version of section 8102 is similar to the current version challenged by Veden.[4] (*Bryte v. City of La Mesa, supra,* 207 Cal.App.3d at p. 691, fn. 6.)

*Menefee* held that if a judicial proceeding were the owner's "first and only opportunity to have a hearing on the merits of the seizure, then it is essential that the [governmental agency] be required to bear the burden of proof on all issues and the statute must so provide." (*Menefee & Son v. Department of Food & Agriculture, supra,* 199 Cal.App.3d at p. 783.) The current version of section 8102 so provides.

### *Psychotherapist-patient Privilege*

■  Veden claims the testimony of Doctor Humeid violates his patient-psychotherapist privilege. (Evid. Code, § 1012.) Evidence Code section 1024

---

[4]Before 1985, former section 8102 provided that "[w]here the person is released without commitment, the confiscating law enforcement agency shall have 30 days to initiate a court hearing for a judicial determination of whether the return of such firearm would be likely to result in harm to any person. If no hearing is initiated by such law enforcement agency within 30 days of the release without commitment, the firearm shall be returned." (Stats. 1979, ch. 730, § 174.5, p. 2548.)

creates an exception to the privilege when the "psychotherapist has reasonable cause to believe that the patient is in such mental or emotional condition as to be dangerous to himself or to the person or property of another and that disclosure of the communication is necessary to prevent the threatened danger." This exception to the privilege reflects legislative policy balancing the confidentiality values of the patient and the safety values of possible victims. (*Tarasoff v. Regents of University of California* (1976) 17 Cal.3d 425, 441, fn. 13 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166].) The "public policy favoring protection of the confidential character of patient-psychotherapist communications must yield to the extent to which disclosure is essential to avert danger to others. The protective privilege ends where the public peril begins." (*Id.*, at p. 442; see also *People v. Wharton* (1991) 53 Cal.3d 522, 558 [280 Cal.Rptr. 631, 809 P.2d 290]; *People v. Henderson* (1981) 117 Cal.App.3d 740, 748 [172 Cal.Rptr. 858].)

Section 8102 protects firearm owners and the public from the consequences of firearm possession by people whose mental state endangers themselves or others. Information obtained on the question of endangerment during section 5150 treatment and evaluation is admissible because it is "necessary to prevent the threatened danger." (Evid. Code, § 1024.)

Doctor Humeid's testimony constituted substantial evidence in support of the trial court's decision. Doctor Humeid testified that he treated Veden during his confinement and that he believed Veden should be deprived of firearms "for his own safety and also for the safety of the public at large . . . ." Veden offered no evidence to dispute Doctor Humeid, and Veden's testimony could reasonably be construed as consistent with Doctor Humeid's conclusions.

We need not consider Veden's contentions concerning section 5150. Issues not properly raised at trial will not be considered on appeal. (*Degnan v. Morrow* (1969) 2 Cal.App.3d 358, 366 [82 Cal.Rptr. 557].)

The judgment is affirmed. Each side to bear its own costs.

Yegan, J., and Perren, J., concurred.

A petition for a rehearing was denied November 14, 2000, and appellant's petition for review by the Supreme Court was denied January 10, 2001.