[No. B196206. Second Dist., Div. Six. Mar. 24, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL KEIL, Defendant and Appellant.

**COUNSEL**

Dougherty Law Firm, Gerard M. Dougherty and David J. McDonald for Defendant and Appellant.

Gregory D. Totten, District Attorney, and Lisa O. Lyytikainen, Deputy District Attorney, for Plaintiff and Respondent.

**OPINION**

**COFFEE, J.**—Appellant's firearm collection was confiscated when he was detained for mental health treatment and evaluation. (Welf. & Inst. Code, §§ 5150, 8102.)[1] He appeals from a judgment sustaining a five-year firearm prohibition and ordering his firearms forfeited pursuant to sections 8102 and 8103. He also appeals from an order denying his motion for reconsideration. Appellant contends that respondent did not meet its burden of proving by a preponderance of the evidence that retention of the firearms would endanger appellant or others. We affirm.

### Facts

On November 21, 2005, appellant's wife told him that she was having an affair. Appellant's brother-in-law had recently been killed in the Iraq war and appellant had just learned that one of his sisters was getting a divorce. On the day he learned of his wife's infidelity, appellant drank heavily. His wife threatened to kill herself, and appellant told his wife several times that he was going to kill himself. He said he was going to blow his brains out. Appellant owned numerous firearms.

Appellant's wife called 911. Appellant told a police officer that he was just blowing off steam and did not mean what he had said. The police officer determined that appellant was a danger to himself and others based on the

---

[1] All statutory references are to this code unless otherwise stated.

fact that appellant had formulated a plan and had access to guns in the home. Appellant's firearms were confiscated. The officer took appellant to a psychiatric facility and placed a 72-hour hold on him pursuant to section 5150. Appellant was admitted at 4:20 a.m., assessed, and released at 4:00 p.m. the same day. Appellant was notified of a five-year firearm prohibition pursuant to section 8103, subdivision (f), and requested a hearing upon discharge. Between February and March of 2006 appellant underwent psychotherapy.

On December 9, 2005, the Simi Valley Police Department, through the district attorney, petitioned for a hearing to determine whether return of the firearms would be likely to result in danger to appellant or others pursuant to section 8102, subdivision (c). At the October 12, 2006, hearing, the parties stipulated to submit the matter to the court based upon documentary evidence. These documents included the records of the psychiatric facility and the records and report of appellant's therapist. Appellant's therapist offered the opinion that appellant had an adjustment disorder with depressed mood, but was not suicidal.

On October 19, 2006, the court entered judgment sustaining the petition and ordering appellant's firearms forfeited to the Simi Valley Police Department. On October 27, 2006, appellant moved for reconsideration pursuant to Code of Civil Procedure section 1008 on the grounds that the prosecutor had orally agreed not to contest return of the firearms if appellant attended six months of therapy, which he did. Appellant argued that he would have offered testimony at the hearing if he had known the prosecutor would contest return. The prosecutor responded that she never agreed appellant could have his firearms back. She only told appellant's counsel that the best way to demonstrate that his client was no longer a danger would be to get his client into therapy. The court denied the motion for reconsideration, finding that it was untimely because it was filed after entry of judgment and that it was not supported by any new evidence that could not have been offered at the time of the trial. The court also declined an invitation to reconsider its decision on its own motion. Respondent concedes that the judgment is appealable and that appellant's notice of appeal was timely filed.

*Firearm Prohibition and Confiscation*

■ Appellant contends that the trial court erred when it (1) sustained the five-year firearm prohibition and when it (2) ordered his firearm collection forfeited. We disagree. Two firearm statutes come into play when a person is detained under section 5150 as a danger to himself or others. Section 8103 will prohibit his possession of firearms for a five-year period. Section 8102 authorizes confiscation of any weapons he already possesses.

■ Upon probable cause that a person is a danger to himself or others, that person may be detained in a mental health facility for 72 hours for treatment and evaluation. (§ 5150.) A person who has so been detained may not own, possess, control, receive or purchase any firearm for a period of five years after the detention (§ 8103, subd. (f)(1)), unless the person requests a hearing and the trial court finds that the People have not met their burden to show "by a preponderance of the evidence that the person would not be likely to use firearms in a safe and lawful manner" (§ 8103, subd. (f)(6)). At the hearing, the court may consider a broad range of evidence. Section 8103, subdivision (f)(5) provides that "[n]otwithstanding any other law, declarations, police reports, including criminal history information, and any other material and relevant evidence that is not excluded under Section 352 of the Evidence Code, shall be admissible at the hearing under [section 8103, subdivision (f)]."

If the person detained pursuant to section 5150 controls or possesses firearms, the firearms may be confiscated by a law enforcement agency. (§ 8102, subd. (a).) Within 30 days of release of the person from detention, the law enforcement agency must either return the weapons or petition the court for a hearing on the question whether return of the weapons would endanger the person or others and must notify the person of his right to a hearing on the issue. (§ 8102, subds. (c), (d).) Section 8102 "places the onus upon law enforcement to initiate the forfeiture proceeding." (*People v. One Ruger .22-Caliber Pistol* (2000) 84 Cal.App.4th 310, 314 [100 Cal.Rptr.2d 780].) The agency bears the burden of proof on the issue of the danger presented by return. (*Ibid.*)

We apply the substantial evidence standard of review. We affirm if "substantial evidence supports the court's determination that return of the firearms to appellant would be likely to result in endangering appellant or other persons." (*Rupf v. Yan* (2000) 85 Cal.App.4th 411, 427–428 [102 Cal.Rptr.2d 157].)

Substantial evidence supports the trial court's findings that appellant would not be likely to use firearms in a safe and lawful manner (§ 8103) and that return of the firearms to appellant would result in danger to appellant and others (§ 8102). In a police interview, appellant's wife reported that appellant said "he could not take it anymore and was going to blow his brains out," and she "went into the kitchen and called the police in fear he would get on[e] of his many weapons from the safe and do himself harm." Records of the mental health facility indicate that appellant admitted threatening to kill himself, but he denied he ever intended to kill himself. In March of 2006, appellant's therapist conducted psychological testing and reported that appellant had a "mild to moderate level of depression. He is likely to feel unhappy, indecisive, unappreciated, and misunderstood. His depression is apt to have a

moody 'come and go' quality. . . . At times he could develop tension and anxiety around resentments that are poorly released." She also reported that "[h]e could also be seen as occasionally self-defeating and self-punishing and as uneven in his judgment and forethought."

The stipulated evidence was sufficient to meet respondent's burden of proof, and the court did not abuse its discretion by sustaining the five-year firearm prohibition or by ordering the weapons forfeited. The court did not err in denying appellant's motion for reconsideration, which by his own admission was not based on any new evidence that could not have been presented at the initial hearing.

For the first time on appeal, appellant asserts a community property interest in the weapons, on behalf of his wife. He bases the claim on the time he spent polishing, refinishing and researching his firearms during the marriage. We reject the claim, which does not appear to have been presented to the trial court.

The judgment is affirmed.

Perren, J., concurred.

**GILBERT, P. J.,** Concurring.—I concur in the majority decision. But I likely would have reached a different conclusion than the trial judge. Psychologists at the Ventura County Behavioral Clinic concluded Mr. Keil was not a danger to himself and released him. The same conclusion was reached by Keil's treating psychologist, Dr. Hale. After six months of therapy she concluded that he is "not suicidal" and "he does not have suicidal tendencies." The guns were locked in a safe and unloaded. Keil made no attempt to open the safe and was cooperative with the police and gave them the combination to the safe.

However differently I may view the evidence, I am compelled to agree substantial evidence supports the trial court's judgment. In a thoughtful statement on the record the trial court acknowledged many of the points I have raised. It expressed concern about how Keil "may be prone to depression which can be poorly released." The court noted a lack of certainty regarding Keil's ability to handle recurrent and stressful family conflicts while suffering from "major depression or an adjustment disorder." These concerns are based on information in the psychological reports and support the judgment and finding that Keil would constitute a danger to himself and others. (See *Rupf v. Yan* (2000) 85 Cal.App.4th 411 [102 Cal.Rptr.2d 157].)

The trial court may have lacked the expertise of the professionals who interpreted Keil's psychological profile, but the court was free to reject some or all of their conclusions.

I write separately to voice my concerns that because of Keil's psychological condition he must forfeit an expensive gun collection on which he has spent "thousands of dollars restoring and refinishing." I would urge the Legislature to consider amending Welfare and Institutions Code section 8102 to give individuals such as Keil the opportunity to sell or otherwise dispose of their weapons in a manner that assures compliance with the statute.

Another option would be to allow such persons to relinquish control of their weapons and have them stored at their own expense for the five-year period of probation provided in Welfare and Institutions Code section 8103, subdivision (f)(1). At the end of the probationary period the matter would be subject to reevaluation.

These approaches give individuals subject to the statute an opportunity to preserve their property rights without undermining the public safety the statute is designed to protect.