[Civ. No. 18338. Second Dist., Div. One. July 12, 1951.]

NORMAN NESBITT, Respondent, v. BRUCE EELLS AND ASSOCIATES (a Corporation), Appellant.

Julius A. Leetham for Appellant.

Long & Levit and Richard H. Millen for Respondent.

HANSON, J. pro tem.—Respondent moves to dismiss the appeal taken by appellant, who was the defendant below, on the ground that the judgment appealed from is not a final judgment.

The judgment which the trial court, in terms, designated as interlocutory declared that two written joint venture contracts were invalid; ordered the defendant to return forthwith to the plaintiff certain personal property involved in the joint venture; directed that an accounting be held before a referee named who was empowered to examine the parties and witnesses; directed the referee upon the taking of the account to submit his findings and conclusions to the court; and ordered that thereafter a "final judgment for the balance if any shown by the . . . accounting to be due shall be awarded to the party to whom such balance is shown to be owing." The judgment further directed that the costs of the accounting should be borne equally by the parties and that the plaintiff "shall have judgment against defendant for his costs of suit in the sum of $20.25."

The question for decision is whether the judgment entered below is to be regarded as final for purposes of review, where it contains a provision for future accounting, the result of which is to be embodied in a final decree. The answer to the question depends upon the meaning to be ascribed to the words "final judgment" as those words are used in the statute which permits an "appeal . . . from a final judgment entered in an action . . ." (Code Civ. Proc., § 963, subd. 1.)

The common law allowed an appeal only after final decision, i.e., after the last of all possible decisions in the progress of an action (*Metcalfe's Case*, 11 Coke 38a [1614]). This rule followed by Chief Justice Marshall in 1835 in the case of *United States* v. *Bailey*, 9 Pet. (U.S.) 267, 272 [9 L.Ed. 124], is likewise the rule in California. (*Gunder* v. *Gunder*, 208 Cal. 559 [282 P. 794].) The reason back of the rule as stated by Chief Justice Marshall is to prevent the delay and expense incident to repeated trials of error on appeal from various decisions reached in the progress of an action, and to have instead one trial of error on appeal from final decision.

Appellant contends that the judgment should be regarded as a final judgment despite the fact that the trial court des-

ignated it as interlocutory, because the finality of the judgment appears from the imperative form of its provisions, as for instance, that "defendant shall forthwith return and deliver to plaintiff" certain personal property. The short answer to the contention is that the trial court would exceed its jurisdiction if it attempted to enforce the provision, if the judgment is interlocutory rather than final. That the judgment must be regarded as being interlocutory we think is plain under the controlling decisions in this state.

The case before us is not distinguishable in its material facts from that of *Gunder* v. *Gunder,* 208 Cal. 559 [282 P. 794]. In that case, as in this, the interlocutory judgment purported to decide all the issues except to determine by means of an accounting the amount due from one of the parties to the other. As this involved a further decree in that case it was held the judgment was not final and hence not appealable. The same is true here.

Some of the seeming exceptions to the general rule in the decisions of this state, to which our attention is called by appellants are not exceptions to the rule, as we view them, and at all events are distinguishable and not applicable here. Among the cases thus cited to us are *Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696], and *Clark* v. *Dunnam,* 46 Cal. 204. In distinguishing these two cases from the case it had before it the Supreme Court said in the Gunder case: "It is contended by the appellant that the judgment is a final judgment in accordance with the rule stated in the case of *Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696]. As stated by the court in that case, however, the decree there was similar to the decree from which an appeal was taken in the case of *Clark* v. *Dunnam,* 46 Cal. 204, and the decision of the latter case was followed by the court in the Zappettini case. In neither of those cases did the decree involve a reference for an accounting, but in each case it ordered a sale of property and specified the distribution to be made of the proceeds. There was therefore in those cases *no further judicial action* required on the part of the court to adjudicate finally the rights of the parties." (Italics supplied.) Later in *Hollar* v. *Saline Products, Inc.,* 3 Cal.2d 80, 82 [43 P.2d 273], it was said: "In the Di Blasi case, *supra,* this court affirmed the ruling in the Gunder case and said (p. 754) that an earlier case (*Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696]) might be distinguished 'but even if this were not so, said case would have to be considered as modified to conform to the holdings'

referred to, i.e., the Gunder case." Accordingly, it follows from the holdings in these cases that we may not entertain the appeal.

The motion to dismiss the appeal is granted.

White, P. J., and Drapeau, J., concurred.