2 Cal.App.3d 358 (1969)
82 Cal. Rptr. 557
GEORGE DEGNAN, Plaintiff, Cross-defendant and Respondent,
v.
IRENE MORROW, Defendant, Cross-complainant and Appellant.
Docket No. 25727.
Court of Appeals of California, First District, Division One.
December 5, 1969.
*361 COUNSEL
Richard M. Frisk for Defendant, Cross-complainant and Appellant.
Francis W. Collins, Coll & Levy and David J. Levy for Plaintiff, Cross-defendant and Respondent.
OPINION
ELKINGTON, J.
In the action below respondent George Degnan by his complaint, and appellant Irene Morrow by cross-complaint, sought a dissolution, accounting, partition of certain partnership property, and incidental relief relating to a real estate development partnership existing between them.
*362 Morrow has appealed from a judgment which (1) orders an accounting, payment of partnership debts, payment of certain fees to Morrow for services, and makes certain other determinations relating to the partnership accounting and dissolution, and (2) adjudges that certain real property is owned "jointly and equally" by Degnan and Morrow, and that "the jointly owned real property is hereby partitioned equally one-half to [Degnan] and one-half to [Morrow], provided that if the parties are unable to agree upon an equal division, said jointly owned property shall be sold and the proceeds used to pay all debts and liabilities of the joint venture and the balance remaining to be divided one-half [to each party]." Although sought by both parties the judgment makes no provision for the dissolution of the partnership.
(1) On our own motion we have inquired into the appealability of the judgment. If it is not appealable we lack jurisdiction and it becomes our duty to dismiss the appeal, even though the parties wish it to be decided. (Collins v. Corse, 8 Cal.2d 123, 124 [64 P.2d 137]; David v. Goodman, 89 Cal. App.2d 162, 165 [200 P.2d 568]; Hughes v. De Mund, 70 Cal. App. 265, 267-268 [233 P. 93].)
(2) Although not so entitled, the judgment is clearly "interlocutory" in nature. It contemplates a later judicial resolution of disputed matters involved in the partnership accounting, a report and proceedings for confirmation thereof, and dissolution of the partnership, as well as further action in partition of the jointly owned real property based upon an agreement of the parties or a sale under direction of the court. Lyon v. Goss, 19 Cal.2d 659, 670 [123 P.2d 11], states the general criteria distinguishing "interlocutory" from "final" judgments as follows: "[I]t may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of the judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory."
(3) Unless expressly authorized by law an appeal does not lie from an interlocutory judgment. (Bakewell v. Bakewell, 21 Cal.2d 224, 226-227 [130 P.2d 975].) The reason is the "one final judgment" rule, "`a fundamental principle of appellate practice in the United States. The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await final disposition of the case.'" (Efron v. Kalmanovitz, 185 Cal. App.2d 149, 154 [8 Cal. Rptr. 107]; 3 Witkin, Cal. Procedure (1954) p. 2151.)
(4) There is no statutory authorization of an appeal from an interlocutory *363 judgment in a partnership dissolution and accounting suit. (See former Code Civ. Proc., § 963, now § 904.1.) And it has been consistently held by our appellate courts that such an appeal does not lie. (See Lacey v. Bertone, 33 Cal.2d 649, 653-654 [203 P.2d 755]; Bakewell v. Bakewell, supra, 21 Cal.2d 224, 227; Shirley v. Cook, 119 Cal. App.2d 220, 222 [259 P.2d 25]; Nesbitt v. Bruce Eells & Associates, 105 Cal. App.2d 370, 371-372 [233 P.2d 183]; Most Worshipful etc. Lodge v. Sons etc. Lodge, 91 Cal. App.2d 582, 586-588 [205 P.2d 722]; David v. Goodman, supra, 89 Cal. App.2d 162, 165-170.) (5) If a judgment in such an action orders an accounting it is necessarily interlocutory in nature. (Lacey v. Bertone, supra, pp. 653-654.) (6) Even though a judgment be final in form or designation, if further judicial action is required, it is nevertheless interlocutory and not appealable. (Lacey v. Bertone, supra, p. 653; Bakewell v. Bakewell, supra, pp. 227-228; Lyon v. Goss, supra, 19 Cal.2d 659, 670; Nesbitt v. Bruce, Eells & Associates, supra, p. 371.) (7) If the trial court in such a judgment improperly assumes to establish certain rights of the parties, or to make orders therein effective immediately, a final judgment is not created thereby. (Bakewell v. Bakewell, supra, 21 Cal.2d 224, 227-228.) (8) Failure, as here, to refer the accounting to a referee does not create a final judgment; a reservation of further jurisdiction over the accounting will be inferred. (Most Worshipful etc. Lodge v. Sons etc. Lodge, supra, 91 Cal. App.2d 582, 586-587.) And an appeal does not lie on the theory that the interlocutory judgment is final for purposes of appeal with further judicial orders appealable as special orders made after final judgment under former Code of Civil Procedure section 963, subdivision 2. (Most Worshipful etc. Lodge v. Sons etc. Lodge, supra, at p. 587; David v. Goodman, supra, 89 Cal. App.2d 162, 170.)
Our attention has been invited to the case of Zappettini v. Buckles, 167 Cal. 27 [138 P. 696], as supporting the appealability of a judgment ordering a partnership accounting. That case does appear to lend some comfort to such a contention but later cases have made it clear that it is of doubtful authority, at least as applied to the judgment before us. In Di Blasi v. Di Blasi, 209 Cal. 753, 754 [290 P. 7], it was held that if Zappettini could not be distinguished it "would have to be considered as modified to conform to the holdings" of later authority. (See also Hollar v. Saline Products, Inc., 3 Cal.2d 80, 82 [43 P.2d 273]; Gunder v. Gunder, 208 Cal. 559, 561 [282 P. 794]; Wesley N. Taylor Co. v. Russell, 194 Cal. App.2d 816, 822 [15 Cal. Rptr. 357]; Nesbitt v. Bruce Eells & Associates, supra, 105 Cal. App.2d 370, 372; Most Worshipful etc. Lodge v. Sons etc. Lodge, supra, 91 Cal. App.2d 582, 587; David v. Goodman, supra, 89 Cal. App.2d 162, 170; Learned v. Board of Education, 37 Cal. App.2d 561, 563 [99 P.2d 1100]; Security-First Nat. Bank v. Superior Court, 132 Cal. App. 683, 695 [23 P.2d 1055]; Batcher v. Hoeppner, 65 Cal. App. 385, 393 [224 P. *364 117]; but see Howard Townside Owners Inc. v. Mills, 268 Cal. App.2d 223, 228 [73 Cal. Rptr. 715]; Grable v. Damar Production Co., 232 Cal. App.2d 510, 512 [43 Cal. Rptr. 16]; Price v. Slawter, 169 Cal. App.2d 448, 451 [337 P.2d 914]; Brown v. Memorial Nat. Home Foundation, 158 Cal. App.2d 448, 454 [322 P.2d 600, 72 A.L.R.2d 997].)
On the other hand an "interlocutory judgment in actions for partition as determines the rights and interests of the respective parties and directs partition to be made" is expressly made appealable; see Code of Civil Procedure section 963, subdivision 2, applicable here, but reenacted, 1968, in similar context, as section 904.1, subdivision (i). The judgment before us is, in part, covered by section 963, subdivision 2, for it "determines the rights and interests of" Degnan and Morrow to and in the subject real property "and directs partition to be made." And it is noted that this portion of the judgment is clearly severable from the portion relating to the partnership accounting and dissolution.
We thus have before us an interlocutory judgment which in part appears to be appealable, and in part, not.
(9) It appears to be neither the legislative intent, nor reasonable, to deny an appeal from that part of the subject interlocutory judgment which "determines the rights and interests of the respective parties and directs partition to be made." Such a denial would nullify the clear language of section 963, subdivision 2 (now § 904.1, subd. (i)). In effect it could preclude any appeal from the determination that the subject real property was joint property and thus subject to partition, for on a later appeal from the final judgment a partition sale may have placed the land, and hence the power to correct error in the determination that it was joint property, beyond the reach of the court. Nor does it seem proper to allow an appeal from the entire judgment, in disregard of the long-established rule that an appeal does not lie from an interlocutory judgment in a partnership accounting action.
(10) It is settled law that a party may appeal from part of a severable judgment. (3 Witkin, Cal. Procedure (1954) p. 2186.) Accordingly, no violence would be done to our appellate practice by allowing such a partial appeal here. (11) And despite the "one final judgment rule," it is established that an interlocutory judgment, not expressly made appealable by statute, is nevertheless appealable to the extent that it requires as a collateral matter, the immediate payment of money, or the performance forthwith of an act (Greene v. Superior Court, 55 Cal.2d 403, 405 [10 Cal. Rptr. 817, 359 P.2d 249]; Sjoberg v. Hastorf, 33 Cal.2d 116, 119 [199 P.2d 668]; Draus v. Alfred M. Lewis, Inc., 261 Cal. App.2d 485, 489 *365 [68 Cal. Rptr. 154]); or has the effect of a final determination of property rights (Southern Pac. Co. v. Oppenheimer, 54 Cal.2d 784, 786 [8 Cal. Rptr. 657, 356 P.2d 441]; Carradine v. Carradine, 75 Cal. App.2d 775, 778 [171 P.2d 911]; California etc. Assn. v. Superior Court, 8 Cal. App. 711, 713 [97 P. 769]). When such an appeal is taken the litigation of the main issues continues to a final judgment. (Draus v. Alfred M. Lewis, Inc., supra, at p. 489; Woodman v. Ackerman, 249 Cal. App.2d 644, 649-650 [57 Cal. Rptr. 687].)
(12) We are persuaded, and hold, that the appeal before us is taken only from that portion of the superior court's judgment determining certain real property to be "jointly and equally" owned by the parties, and directing partition of such property. Any claim of error as to other issues must await appeal from the final judgment, eventually to be entered in the action.
The real property determined by the superior court to be "jointly and equally" owned by the parties consisted of two groups of building lots. Group One includes parcels described as "Parcels A and B and Lots 1, 8, 9, 15, 16, 17, 22, 23, 24, 25, 30, 31, 32, 33, 42, 43, 44, 45, 46, 47, 48, 49, 52 and 53." Group Two covers "Lots 19, 21, 27, and 28."
From a close study of appellant Morrow's briefs we conclude that no claim of error is made based on the trial court's determination that Group One was "jointly and equally" owned by the parties. Indeed, she insists as to some of the lots of that group, that they "became not partnership property but that the parties held them as tenants in common."
Our sole remaining inquiry is whether the court erred in holding lots 19, 21, 27 and 28 (Group Two) to be "jointly and equally owned" by the parties.
(13) The evidence indicates appellant Morrow had held equitable title to the real property of Groups One and Two, but that for her convenience record title was held in the name of her sister. Under Morrow's direction the sister entered into a written agreement to transfer certain of this property including lots 19, 21, 27 and 28, to respondent Degnan. Later Morrow and Degnan agreed that the transfer of the four lots could be deferred, but that Degnan's "half interest in those four lots should be recognized." The foregoing is substantial evidence supporting the trial court's findings and judgment that lots 19, 21, 27 and 28, of Group Two, were "jointly and equally" owned by the parties.
Morrow points to evidence upon which a different conclusion could be reached as to the ownership of the lots of Group Two. We are concerned here with whether there is any substantial evidence supporting the court's findings and judgment (see Green Trees Enterprises, Inc. v. Palm Springs *366 Alpine Estates, Inc., 66 Cal.2d 782, 784 [59 Cal. Rptr. 141, 427 P.2d 805]); there is such evidence. She also argues that her sister, although indispensible to the action, was not joined as a party. The point is raised for the first time on this appeal. (14) Points "not urged in the trial court may not be urged for the first time on appeal." (Damiani v. Albert, 48 Cal.2d 15, 18 [306 P.2d 780].) And since the sister was not a party to the action or to this appeal such rights as she may have, if any, do not appear to be foreclosed. It is noted that although the court found Groups One and Two to be owned jointly by the parties, the judgment nevertheless provides that the property is subject to the partnership liabilities and a money obligation to Morrow's sister.
(15) Since the court on substantial evidence found Groups One and Two to be jointly owned, and since both parties sought partition (although apparently on the erroneous belief that it was partnership property), there was, of course, no error in ordering partition of the property.
Upon the final accounting of the affairs of the parties to this action, it may be determined that one party is indebted to the other. By our decision we do not in any way restrict the trial court from charging the amount owed by the debtor party, if any, against his or her share of the property ordered partitioned or the proceeds thereof, or from otherwise doing equity.
That portion of the judgment which determines the real property herein described as Parcels A and B and lots 1, 8, 9, 15, 16, 17, 22, 23, 24, 25, 30, 31, 32, 33, 42, 43, 44, 45, 46, 47, 48, 49, 52 and 53 (Group One), and lots 19, 21, 27 and 28 (Group Two), to be jointly and equally owned by the parties, and orders partition thereof, is affirmed. The remainder of the judgment we hold to be interlocutory and nonappealable.
Molinari, P.J., and Sims, J., concurred.