[No. B217302. Second Dist., Div. Five. Feb. 7, 2011.]

CITY OF GARDENA, Plaintiff and Respondent, v.
RIKUO CORPORATION, Defendant and Appellant.

COUNSEL

Peterson Law Group, John S. Peterson and Joseph A. Schwar for Defendant and Appellant.

Oliver, Sandifer & Murphy and Kristin L. Mendenhall for Plaintiff and Respondent.

OPINION

MOSK, J.—

## ORDER

This appeal arises from an eminent domain action filed by plaintiff and respondent City of Gardena (the City) against defendant and appellant Rikuo Corporation (defendant). In 2004, following a mediation, the parties, in a written settlement agreement, settled the eminent domain action and a related inverse condemnation action. In 2006, pursuant to a stipulation by the parties,

the trial court entered a "Judgment and Final Order of Condemnation" for both cases, retaining jurisdiction to determine the costs of ongoing remediation.[1]

Defendant appeals from two orders, entered after the judgment, awarding and releasing to the City certain funds from the court-controlled deposit that was made under the judgment to cover the costs of remediation of the subject property. According to defendant's statement of appealability, the two orders are appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2)[2] as orders entered after judgment. The City did not contest defendant's statement of appealability in its respondent's brief, but following a letter from this court asking for supplemental briefs on the appealability issue,[3] the City contends that the two orders from which defendant appeals are not appealable orders. In its supplemental brief, defendant argues that the orders are appealable, but does not assert that its appeal should be treated as a petition for extraordinary relief.[4] We conclude that the orders are not appealable.

■ " 'A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment.' (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 [107 Cal.Rptr.2d 149, 23 P.3d 43]; see also Code Civ. Proc., § 904.1.) 'A trial court's order is appealable when it is made so by statute.' (*Griset, supra,* at p. 696.) 'The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.' (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 58, p. 113.)" (*Conlan v. Shewry, supra,* 131 Cal.App.4th at p. 1365.)

Section 904.1, subdivision (a) provides, "An appeal, other than in a limited civil case, is to the court of appeal. An appeal, other than in a limited civil case, may be taken from any of the following: [¶] . . . [¶] (2) [f]rom an order

---

[1] Pursuant to the judgment, defendant was awarded $11 million as just compensation for the taking of the subject property, $750,000 of which was held back on deposit with the trial court to cover the cost of ongoing remediation of contamination on the subject property.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] " '[S]ince the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion.' " (*Chavez v. Carpenter* (2001) 91 Cal.App.4th 1433, 1437 [111 Cal.Rptr.2d 534].)

[4] "[A] purported appeal from a nonappealable order may be treated by the appellate court as a petition for extraordinary relief. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 400–401 [197 Cal.Rptr. 843, 673 P.2d 720].) . . . [S]uch discretion should be exercised only in extraordinary circumstances . . . ." (*Conlan v. Shewry* (2005) 131 Cal.App.4th 1354, 1365 [32 Cal.Rptr.3d 667].) Defendant conceded at oral argument that it had not sought to have its appeal treated as a petition for extraordinary relief.

made *after a judgment made appealable* by [subdivision (a)](1)." (Italics added.) Subdivision (a)(1) provides that an appeal may be taken "[f]rom a judgment, except (A) an interlocutory judgment, other than as provided in paragraphs (8) [(redeeming property)], (9) [(partition)], and (11) [(nonmonetary sanctions)], or (B) a judgment of contempt that is made final and conclusive by Section 1222." Thus, for the two orders to be appealable under section 904.1, subdivision (a)(2) as defendant contends, they must have been issued following the entry of a judgment that itself is appealable under subdivision (a)(1).

■ The judgment in this case was entered pursuant to the settlement agreement of the parties and a stipulation for judgment based on that agreement. A stipulated or consent judgment is "a judgment entered by a court under the authority of, and in accordance with, the contractual agreement of the parties [citation], intended to settle their dispute fully and finally [citation]." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 400 [87 Cal.Rptr.2d 453, 981 P.2d 79].) "As a general proposition, a party may not appeal a consent judgment." (*Chavez v. Carpenter, supra*, 91 Cal.App.4th at p. 1438.) There is, however, an exception to the general rule. " 'Although a consent . . . judgment is not normally appealable, an exception is recognized when "consent was merely given to facilitate an appeal following adverse determination of a critical issue." ' [Citation.]" (*Norgart v. Upjohn Co., supra*, 21 Cal.4th at p. 400.)

The judgment in this case recites that it "resolves all claims and issues related to the taking of the Subject Property, including all claims and issues in the Inverse [Condemnation] Action as well as all claims and issues in this eminent domain action."[5] Thus, by consenting to the judgment, the parties manifested their intent to settle their dispute fully and finally. This is not a case in which the parties stipulated to a judgment merely to facilitate an appeal following the adverse determination of a critical issue. The purpose of the stipulated judgment here was to resolve "all claims and issues" arising from the eminent domain and inverse condemnation actions, including claims and issues relating to the cost of the ongoing remediation on the subject property. As to such claims and issues involving remediation, the parties stipulated, in effect, to a dispute resolution mechanism by which the trial court would make factual determinations that would resolve those issues. Therefore, the parties in this case consented to a final judgment that is not

---

[5] Paragraph 3 of the judgment provides that defendant "is the record owner of the Subject Property and has reached a settlement with the City, which resolves all its claims in this action and in the related inverse condemnation action, . . . and resolves the total amount of compensation to be paid for its interests in the Subject Property and all claims related to the taking of the Subject Property."

appealable as a matter of law. (See *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 666 [73 Cal.Rptr.2d 242] ["Simply because the order is a final judgment does not necessarily entitle a party to appellate review. Thus, for example, a party cannot appeal from a judgment to which the party has stipulated as part of a settlement . . . ."].)

▮ Because the consent judgment is nonappealable, it is not "a judgment made appealable" by section 904.1, subdivision (a)(1). Thus, section 904.1, subdivision (a)(2), which requires such an appealable judgment, has no application to the orders entered in this case, and defendant provides no other statutory basis for its asserted right of appeal. " '[N]o appeal can be taken except from an appealable order or judgment, *as defined in the statutes and developed by the case law* . . . .' (*Lavine* v. *Jessup* (1957) 48 Cal.2d 611, 613 [311 P.2d 8].) Section 904.1 states that an appeal may be taken from a judgment, except from among other things, an interlocutory judgment. Therefore, final judgments, 'as "developed by the case law" ' (*Efron* v. *Kalmanovitz* (1960) 185 Cal.App.2d 149, 154 [8 Cal.Rptr. 107]), are appealable, but '[i]t is the substance and effect of the court's order or judgment and not the label' which determines whether the party can appeal (*Art Movers, Inc.* v. *Ni West, Inc.* (1992) 3 Cal.App.4th 640, 645 [4 Cal.Rptr.2d 689])." (*Pazderka v. Caballeros Dimas Alang, Inc., supra,* 62 Cal.App.4th at p. 666, italics added.) "Unless expressly authorized by law an appeal does not lie from an interlocutory judgment." (*Degnan v. Morrow* (1969) 2 Cal.App.3d 358, 362 [82 Cal.Rptr. 557] (*Degnan*).) As we discuss, this is not an interlocutory judgment from which there is a statutory right of appeal.

Defendant contends in its supplemental brief that in eminent domain cases, the law allows parties to apply for a final order of condemnation after the full amount of the judgment has been deposited in the trial court or paid to the landowner. (§§ 1268.030, 1268.010, subd. (b)(2).) The implication of this argument is that orders relating to such a deposit, made after a final judgment is entered, are special orders after judgment that are appealable. There are condemnation cases in which the public agency seeking to condemn the property deposited money in the trial court as security for the payment of just compensation and which held that postjudgment orders concerning any remaining balance on deposit and interest thereon were appealable. (See, e.g., *Metropolitan Water Dist. v. Adams* (1948) 32 Cal.2d 620 [197 P.2d 543]; *Redevelopment Agency v. Goodman* (1975) 53 Cal.App.3d 424 [125 Cal.Rptr. 818].) But in those cases, a contested final judgment on the merits had been entered and satisfied. Accordingly, the subsequent orders concerning the disposition of any remaining balance on deposit and interest thereon were considered appealable orders after a final, appealable judgment. By contrast, the orders from which defendant appeals were entered after entry of a nonappealable consent judgment.

Defendant also argues in its supplemental brief that the parties did not intend to settle their dispute fully and finally because they agreed to reserve the jurisdiction of the trial court to determine the issue of the cost of remediation. Therefore, according to defendant, the parties did not waive the right to appeal from the trial court's factual determinations of remediation cost disputes because they reserved not only the jurisdiction of the trial court to resolve fact-based issues concerning the cost of the remediation, but also the jurisdiction of this court to review the trial court's determinations of such issues and the right to petition for Supreme Court review of this court's determination.[6]

Defendant's argument suggests that, despite the language in and label of the judgment in this action, the judgment was not a final one because it did not resolve all of the claims between the parties. But for the recital of the finality of the judgment, perhaps the judgment could be interpreted as being interlocutory. But if that is so, the judgment and the subsequent orders from which defendant appeals would be nonappealable because even after entry of those orders, there were issues remaining between the parties concerning further costs of remediation and the entitlement to the remainder of the deposit. (See *Yeboah v. Progeny Ventures, Inc.* (2005) 128 Cal.App.4th 443, 448 [27 Cal.Rptr.3d 150]; *Maier Brewing Co. v. Pacific Nat. Fire Ins. Co.* (1961) 194 Cal.App.2d 494, 500 [15 Cal.Rptr. 177].)

■ The decision in *Degnan, supra*, 2 Cal.App.3d 358 is illustrative of this point. In that case, the trial court entered a judgment that ordered a partnership accounting, payment of partnership debts, and partition of partnership property, but ·contemplated later judicial resolution of matters involved in the accounting, dissolution, and partition. (*Id.* at p. 362.) On appeal from that judgment, the court held that "[a]lthough not so entitled, the judgment is clearly 'interlocutory' in nature. It contemplates a later judicial resolution of disputed matters . . . ." (*Ibid.*) According to the court in *Degnan*, "[e]ven though a judgment be final in form or designation, if further judicial action is required, it is nevertheless interlocutory and not appealable. [Citations.]" (*Id.* at p. 363.) As noted, the court pointed out that an interlocutory

---

[6] Neither party has raised any issue as to whether after a final judgment in this type of case, jurisdiction of the trial court to decide issues may be retained. Such jurisdiction is expressly conferred by statute in certain situations not present here. (See, e.g., Fam. Code, § 2550 [statute provides for reservation of jurisdiction in marital dissolution proceedings]; Code Civ. Proc., § 1292.6 [statute provides that a trial court in which a petition to compel arbitration has been filed "retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding"]; Code Civ. Proc., § 1034; Cal. Rules of Court, rules 3.1700, 3.1702 [costs and attorney fees awarded after judgment].)

judgment is not appealable unless expressly authorized by law.[7] Therefore, even assuming, as defendant contends, that the judgment in this case is not final, it is not the type of interlocutory judgment specified in section 904.1, subdivision (a) from which an appeal can be taken. Thus, neither section 904.1, subdivision (a)(2) nor any other provision makes the subsequent orders appealable.

■ Construing the judgment in this case as somehow not a final judgment would not establish the appealability of the orders and would be contrary to the policy of finality underlying the one-final-judgment rule. "Section 904.1, which codifies the general list of appealable judgments and orders, also effectively codifies the common law one-final-judgment rule. Under this rule, an appeal lies only from a final judgment that terminates the trial court proceedings by completely disposing of the matter in controversy. (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [63 Cal.Rptr.2d 74, 935 P.2d 781]; *Griset v. Fair Political Practices Com.*[, *supra*,] 25 Cal.4th [at p.] 697 . . . ; *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 803 [70 Cal.Rptr.3d 434].) A judgment is 'the final determination of the rights of the parties in an action or proceeding.' (§ 577.) Accordingly, there can be but one as the policy behind the one-final-judgment rule is the avoidance of piecemeal disposition of an action. (*Griset, supra,* 25 Cal.4th at p. 697; *Moore v. City & County of San Francisco* (1970) 5 Cal.App.3d 728, 734 [85 Cal.Rptr. 281] ['there ordinarily cannot be multiple final judgments in a single action'].)" (*Walton v. Mueller* (2009) 180 Cal.App.4th 161, 172, fn. 9 [102 Cal.Rptr.3d 605].)

■ Here, the consent judgment expressly provides that it was intended to resolve all of the issues in controversy between the parties, including the manner in which disputes over the cost of remediation would be resolved. As a result, it would appear to be a final determination of the rights of the parties to the proceeding. And even if, as defendant contends, there were further judicial determinations contemplated under the judgment, assuming the trial court can and does finally resolve the remaining remediation cost disputes, at that point there would be a final consent judgment from which no appeal can be taken.

■ In addition to resolving all of the issues in controversy between the parties, the judgment to which defendant consented expressly waived all

---

[7] The court in *Degnan, supra,* 2 Cal.App.3d at page 364 held that the portion of the interlocutory judgment in that case dealing with the partition of the partnership real property was expressly made appealable by statute under a predecessor to current section 904.1, subdivision (a)(9), which provides that an appeal may be taken "[f]rom an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made."

rights of appeal. "A party may expressly waive the right to appeal from any judgment. (*Elliott & Ten Eyck Partnership v. City of Long Beach* (1997) 57 Cal.App.4th 495, 504 [67 Cal.Rptr.2d 140] ['But the parties can agree to waive some normal trial procedures, such as having a reporter's record of the proceedings, and the right to appeal.']; *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1985) 176 Cal.App.3d 480, 488 [222 Cal.Rptr. 228] ['It is well-settled that a party may expressly waive its right to appeal . . . .']; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1999) ¶ 2:324, p. 2-138 (rev. #1, 1999) ['A party can expressly waive the right to appeal . . . .'].)" (*Pratt v. Gursey, Schneider & Co.* (2000) 80 Cal.App.4th 1105, 1108 [95 Cal.Rptr.2d 695].) As discussed *post*, however, parties cannot confer jurisdiction upon an appellate court by agreement when it otherwise does not exist.

In support of its contention that it did not waive its right to appeal from the trial court's determinations of remediation cost disputes, defendant relies on paragraphs 20 and 22 of the consent judgment and argues that when read together, the clear import of those paragraphs is to preserve the right to appellate review of the trial court's determinations concerning costs of remediation under paragraph 22. Paragraph 20 provides: *"Except as provided in Paragraph 22 below*, by having stipulated to the entry of this Judgment and Final Order of Condemnation, [defendant] *waives* the right to trial, statement of judgment, notice of entry of judgment, notice of entry of final order of condemnation as to the Subject Property, and the *right to appeal as to any and all claims and issues* related to the taking of the Subject Property." (Italics added.) Paragraph 22 provides, in pertinent part: "The sum of $750,000 of the [$11 million] Just Compensation [to be paid to defendant under the judgment] shall remain on deposit with the court until resolution of the issue of the cost of remediation, either through agreement of the parties or through findings made by the court or the trier of fact concerning the cost, if any, of definition and remediation of contamination from on-site sources on the Subject Property. Pursuant to the stipulation of [the] City and [defendant] the court shall retain jurisdiction to resolve the issue of remediation if the parties cannot agree on its resolution. The parties do not waive or release any defenses or claims that can be asserted by either party if the remediation issue is not resolved to the mutual satisfaction of the parties."

The express waiver in paragraph 20 of defendant's rights to appeal is broad and absolute, and is limited only by the reference at the beginning of that paragraph to matters excepted in paragraph 22. But paragraph 22 deals only with the reservation of the right to present defenses and claims concerning remediation cost disputes to the trial court and the trial court's jurisdiction to resolve such defenses and claims. There is no mention of defendant's right to appeal from trial court determinations made pursuant to paragraph 22 and no language purporting to limit the otherwise broad waiver of appeal rights in

paragraph 20. Thus, contrary to defendant's assertion, it expressly waived any right it had to appeal from subsequent trial court orders determining cost of remediation issues.

As noted, even if paragraphs 20 and 22 of the consent judgment can be read together as expressly reserving the right to appeal the trial court's determinations of remediation costs, "[p]arties cannot create by stipulation appellate jurisdiction where none otherwise exists. [Fn. omitted.] (See *DeGrandchamp* v. *Texaco, Inc.* (1979) 100 Cal.App.3d 424, 430 [160 Cal.Rptr. 899] [fn. omitted].)" (*Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115, 118–119 [61 Cal.Rptr.2d 370].) The orders from which defendant appeals were issued after the nonappealable consent judgment was entered. Thus, they are not appealable under section 904.1, subdivision (a)(2) because that section applies only to orders entered after a final *appealable* judgment. Based on the foregoing authorities, it follows that any agreement of the parties to make those orders appealable would not confer appellate jurisdiction, which, as noted above, is defined by statute and developed by the case law. (*Pazderka v. Caballeros Dimas Alang, Inc., supra*, 62 Cal.App.4th at p. 666.)

Although neither party addresses the issue, there is a statutory procedure under which a trial court is empowered to retain jurisdiction after a dismissal for the limited purpose of enforcing a settlement agreement according to its terms pursuant to section 664.6. But, there is no indication that the parties' express agreement purporting to vest the trial court with retained jurisdiction over remediation cost claims was made for the limited purpose of enforcing a settlement agreement. (See *Hagan Engineering, Inc. v. Mills* (2003) 115 Cal.App.4th 1004, 1008 [9 Cal.Rptr.3d 723] ["Subject matter jurisdiction cannot be conferred by consent, waiver or estoppel."].)

In *Wackeen v. Malis* (2002) 97 Cal.App.4th 429 [118 Cal.Rptr.2d 502] (*Wackeen*), the defendants each successfully moved the trial court under section 664.6 to enforce their settlement agreement with the plaintiffs. (97 Cal.App.4th at pp. 432–433.) The Court of Appeal reversed, holding that the trial court lacked jurisdiction to hear and decide the section 664.6 motions. (97 Cal.App.4th at p. 433.)

■ The court in *Wackeen, supra*, 97 Cal.App.4th 429 began its analysis by observing that "[w]hen a court has jurisdiction over the parties and subject matter of a suit, its jurisdiction continues until a final judgment is entered. [Citation.] When there is a voluntary dismissal of an entire action, the court's jurisdiction over the parties and the subject matter terminates. [Citation.]" (*Id.* at p. 437.)

In noting a statutory exception under section 664.6 to the jurisdictional principles stated above, the court in *Wackeen, supra,* 97 Cal.App.4th 429 outlined in a footnote the purpose of that section. "The purpose of section 664.6 'is to permit a court, via a summary proceeding, to finally dispose of an action when the existence of the agreement or the terms of the settlement are subject to reasonable dispute, something not permissible before the statute's enactment. [Citation.]' (*Viejo Bankcorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 206 [265 Cal.Rptr. 620].) Prior to its enactment, a party who sought to enforce a settlement agreement would file a separate suit or seek permission to file a supplemental pleading in the original suit. (*Id.* at p. 208.) Since the enactment of section 664.6, a motion for summary judgment is no longer required, and thus, the party moving for a judgment on a settlement agreement need not be concerned that triable issues of material fact can prohibit the granting of such a motion. Rather, the trial court, in deciding a section 664.6 motion, can determine disputed facts, either solely on declarations or with oral testimony. (*Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1189 [213 Cal.Rptr. 790].)" (*Wackeen, supra,* 97 Cal.App.4th at p. 432, fn. 1.) In the same footnote, the court in *Wackeen, supra,* 97 Cal.App.4th 429 noted that the Legislature amended section 664.6 in 1993 to add a second sentence which reads, "If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (See *Wackeen, supra,* 97 Cal.App.4th at p. 432, fn. 1.) According to the court in *Wackeen,* that 1993 amendment to section 664.6 was dispositive of the appeal.

■ "The disposition of this appeal turns on this provision for retention of jurisdiction, which the Legislature added to section 664.6 in 1993. We hold that the effect of that amendment is to provide courts with continuing jurisdiction over parties and their litigation, for the purpose of enforcing their settlement agreement, despite a suit's having been dismissed after the execution of the agreement. We further hold that in order for a court to assert such continuing jurisdiction, the parties' request for retention of jurisdiction must satisfy the same formalities that courts and the Legislature have imposed generally on section 664.6 motions and the settlement agreements such motions seek to enforce. Like section 664.6 motions themselves, requests for retention of jurisdiction must be made prior to a dismissal of the suit. Moreover, like the settlement agreement itself, the request must be made orally before the court or in a signed writing, and it must be made by the parties, not by their attorneys, spouses or other such agents. If, after a suit has been dismissed, a party brings a section 664.6 motion for a judgment on a settlement agreement but cannot present to the court a request for retention of jurisdiction that meets all of these requirements, then enforcement of the agreement must be left to a separate lawsuit." (*Wackeen, supra,* 97 Cal.App.4th at p. 433.)

Because it determined that the parties did not comply with the requirements for continuing jurisdiction under section 664.6, the court in *Wackeen, supra,* 97 Cal.App.4th 429 concluded that no such jurisdiction existed. "Here, these formal requirements for retention of jurisdiction to consider a section 664.6 motion were not met by the parties. Therefore, [the defendants are] precluded from using this case to seek enforcement of [their] rights under the settlement agreement, and all of the trial court's orders [under section 664.6] must be reversed. If [the defendants are] to gain such enforcement relief, it must be by means of a timely filed separate action. The dismissal of this suit by [the plaintiffs] did not adversely affect the settlement agreement itself or [the defendants'] right to have it enforced." (*Wackeen, supra,* 97 Cal.App.4th at p. 433; see also *Gauss v. GAF Corp.* (2002) 103 Cal.App.4th 1110, 1113 [127 Cal.Rptr.2d 370] ["The summary, expedited enforcement procedure afforded by section 664.6 is only available when a settlement satisfies the statutory requirements designed to ensure the parties have actually consented to the terms of the settlement."].)

In this case, defendant does not contend that the parties' agreement to reserve trial court jurisdiction was made pursuant to section 664.6 to allow the parties to enforce summarily their agreement.[8] To the contrary, defendant contends on appeal that the reservation of jurisdiction in this case entitled it to litigate further in the trial court and to invoke the full panoply of procedural protections available to defendant prior to the judgment, including the right to a jury trial and the right to insist on compliance with all of the procedural requirements of the summary judgment statute. Defendant does not seek to enforce a settlement, but rather to litigate issues that arose after the settlement was reduced to a judgment.

Instead of contending that the trial court issued the orders in question pursuant to its retained jurisdiction to enforce the parties' settlement agreement, defendant contends that those orders were issued without any statutory authority and in violation of due process. There being a judgment, no motion to enforce a settlement agreement, and no contention by defendant that the settlement agreement sufficiently provides for the trial court's continued jurisdiction to enforce the agreement under section 664.6, the summary expedited procedure for enforcing a settlement agreement under that section is not applicable here.

Because the orders from which defendant appeals are not appealable, we dismiss the appeal.

---

[8] Defendant confirmed at oral argument that it is not making such a contention.

## DISPOSITION

The appeal is dismissed. Each party is to bear its own costs on appeal.

Turner, P. J., and Armstrong, J., concurred.

A petition for a rehearing was denied March 10, 2011, and appellant's petition for review by the Supreme Court was denied May 18, 2011, S191517.