Filed 6/27/18 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RICARDO IAN SUMMERS et al.,<br><br>        Petitioners,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN FRANCISCO COUNTY,<br><br>        Respondent;<br><br>WAN FEN TAN,<br><br>        Real Party in Interest. | A151128<br><br>(San Francisco<br>Super. Ct. No. CGC-16-550626)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

BY THE COURT:

It is ordered that the opinion filed herein on June 1, 2018, be modified as follows:

On page 6, the two sentences in the section titled Disposition shall be deleted and replaced with the following:

Let a peremptory writ of mandate issue directing respondent superior court in *Tan v. Summers et al*. (Super. Ct. San Francisco County, No. CGC-16-550626) to vacate its order of January 24, 2017, and to enter a new and different order consistent with this opinion.  Summers and Gomez are awarded their costs.

There is no change in judgment.

1

Dated:

_____

Humes, P.J.

*Summers et al. v. Superior Court*  A151128

2

Filed 6/1/18 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| RICARDO IAN SUMMERS et al., <br><br>     Petitioners, <br><br> v. <br><br> THE SUPERIOR COURT OF SAN FRANCISCO COUNTY, <br><br>     Respondent; <br><br> WAN FEN TAN, <br><br>     Real Party in Interest. | A151128 <br><br> (San Francisco <br> Super. Ct. No. CGC-16-550626) |

Ricardo Summers and Alejandro Gomez own investment real estate with Wan Fen Tan, but the parties disagree on the amount of their respective ownership interests. The trial court ordered the property to be partitioned and sold, with the parties' ownership interests to be determined at a later date. Summers and Gomez appealed. Although we question whether the order was appealable, we construe the appeal as a petition for a writ of mandate. On the merits, we hold that the partition statutes do not allow a court to order the manner of a property's partition, such as the sale here, before it determines the ownership interests in the property. Accordingly, we reverse the trial court's order.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

Our understanding of the background of this case is limited due to the slim appellate record. We know, however, that in early 2016 Tan sued Summers and Gomez to resolve a dispute about a piece of investment real estate they jointly own in San Francisco. The dispute centered around the amount of each party's ownership interest in

1

the property and corresponding right to receive income from, and obligation to pay expenses for, the property. Although our record does not include a copy, the complaint apparently included claims for quiet title, partition, and an accounting. Summers and Gomez answered and filed a cross-complaint, which apparently included claims for quiet title, partition, and breach of contract.

In September 2016, Tan filed a motion for summary adjudication, requesting "the property be partitioned and sold by private sale" with the sale proceeds to be held in escrow until resolution of the litigation disputes. As part of her motion, Tan pointed out that Summers and Gomez also sought a partition of the property. Summers and Gomez opposed the motion. They recognized that all of the parties wanted a partition and sale, but they claimed "the timing of the partition by sale is not right since the parties have not resolved the respective percentage of ownership and respective liabilities for the property." According to them, selling the property before establishing the parties' ownership interests would amount to "a huge waste" because the sold property would not generate rental income while the parties' ownership interests were litigated.

A hearing was held in early January 2017, and shortly thereafter the trial court granted Tan's motion. In its ruling, the court stated, "Judgment is entered for the real property [at issue] to be partitioned and sold by private sale, for all liens to be paid, a referee shall be appointed, and all sale proceeds shall be held in escrow until final resolution of this matter." Summers and Gomez appealed.

II.

DISCUSSION

The trial court's ruling was interlocutory in the sense that it left issues for future determination. (See, e.g., *Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 441.) We therefore begin by considering our ability to review the ruling since interlocutory orders are generally not appealable unless they are expressly authorized as such in Code of Civil Procedure[1] section 904.1. Subdivision (a)(9) of that

---

[1] All future statutory references are to the Code of Civil Procedure.

statute authorizes appeals to be taken "[f]rom an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made." (§ 904.1, subd. (a)(9); see also § 872.720, sub. (a) ["[i]f the court finds that the plaintiff is entitled to partition, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property"].) The trial court's ruling here, however, pointedly did *not* determine the rights and interests of the parties and instead ordered the property sold pending a future determination of those rights and interests. Given the ruling's failure to determine the parties' ownership interests, we question whether the ruling is an appealable interlocutory judgment within the meaning of section 904.1, subdivision (a)(9).[2] (See *Degnan v. Morrow* (1969) 2 Cal.App.3d 358, 364 [only portions of multi-faceted interlocutory order that determined rights and interests of parties and ordered partition were appealable].)

We need not decide whether the ruling is an appealable interlocutory judgment, however, because we exercise our discretion to treat the appeal as a petition for a writ of mandate. Treating a purported appeal as a petition for writ of mandate is appropriate when, as here, there is uncertainty about an order's appealability. (*Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853.) It is also appropriate when the issue to be decided is a pure question of law. (*Black Diamond Asphalt, Inc. v. Superior Court* (2003) 114 Cal.App.4th 109, 114-115.) The issue we are asked to decide here—whether a court can order the sale of property in a partition action before determining the interests of the putative property owners—is such a question.

Thus, we turn to consider the merits of Tan's challenge. Since the issue is a question of law, we apply a de novo standard of review in doing so. (See, e.g., *Alberda v.*

---

[2] Section 872.720, subdivision (a), specifies that the trial court, on finding that the plaintiff is entitled to partition, shall render an "interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property." It also directs that such a judgment is to specify the "manner of partition," unless "it is to be determined later." (*Ibid*.) Thus, it appears that, at a minimum, a viable interlocutory partition judgment must include both a determination of the parties' interests and order partition. But while it may, it need not, include the manner of partition.

*Board of Retirement of Fresno County Employees' Retirement Assn.* (2013) 214 Cal.App.4th 426, 433-434.)[3]

" '[P]artition' is 'the procedure for segregating and terminating common interests in the same parcel of property.' " (*14859 Moorpark Homeowner's Assn. v. VRT Corp.* (1998) 63 Cal.App.4th 1396, 1404-1405.) It is a " ' "remedy much favored by the law. The original purpose of partition was to permit cotenants to avoid the inconvenience and dissension arising from sharing joint possession of land. An additional reason to favor partition is the policy of facilitating transmission of title, thereby avoiding unreasonable restraints on the use and enjoyment of property." ' " (*Cummings, supra*, 13 Cal.App.5th at p. 596.)

The governing statute is section 872.720. Subdivision (a) declares that "[i]f the court finds that the plaintiff is entitled to partition, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property." (§ 872.720, subd. (a).) The order of partition "shall order that the property be divided among the parties in accordance with their interests as determined in the interlocutory judgment." (§ 872.810.) Section 872.720, subdivision (b), allows the court to issue sequential interlocutory judgments for original concurrent and successive owners if the court determines that it "is impracticable or highly inconvenient to make a single interlocutory judgment that determines, in the first instance, the interest of all the parties in the property." (§ 872.720, subd. (b).)

When the trial court "determines the interests of the parties in the property and orders the partition of the property," it shall decide the manner of partition "unless [this] is to be later determined." (§ 872.720, subd. (a).) "The manner of partition may be 'in kind'—i.e., physical division of the property [citation] according to the parties' interests as determined in the interlocutory judgment. [Citations.] Alternatively, if the parties

---

[3] The standard would have been essentially the same if we had decided that the trial court's ruling was an appealable interlocutory judgment. "The standard of review for an interlocutory judgment of partition is abuse of discretion." (*Cummings v. Dessel* (2017) 13 Cal.App.5th 589, 597 (*Cummings*).) "Under that standard, . . . [a] 'disposition that rests on an error of law constitutes an abuse of discretion.' " (*Ibid.*)

agree or the court concludes it 'would be more equitable,' the court may order the property sold and the proceeds divided among the parties." (*Cummings, supra*, 13 Cal.App.5th at p. 597; § 872.820.)

Two points are made clear by these provisions. First, an interlocutory judgment in a partition action is to include two elements: a determination of the parties' interests in the property and an order granting the partition. (§ 872.720, subd. (a).) Second, the manner of partition—i.e., a physical division or sale of the property—is to be decided when or after the parties' ownership interests are determined, but not before. (*Ibid*.)

The trial court's ruling here failed to satisfy these elements because it ordered the property to be sold before the parties' interests were resolved. The court cited, and on appeal Tan has provided, no authority to support such an approach. The little case authority on the subject is consistent with the statute's plain requirement that the parties' ownership interests be determined before or when the manner of partition is decided. (See *Emeric v. Alvarado* (1884) 64 Cal. 529, 609-612 [under predecessor statutes to § 872.720, trial courts must determine parties' interests before ordering partition].)

Tan claims that Summers and Gomez forfeited their argument because the issue "was never properly presented to the Trial Court." She is mistaken. As we have mentioned, in their response to Tan's motion for summary adjudication, Summers and Gomez argued that "the timing of the partition sale is not right since the parties have not resolved the respective percentage of ownership" in the property. This was sufficient to preserve the argument. Alternatively, Tan argues that the trial court *did* determine the parties' ownership interests because it concluded "that the parties are the owner of the property and that none [of the parties] disputed that ownership." But the issue is not whether the parties collectively own the property, which has never been disputed. Instead, the issues are the parties' respective ownership interests and the court's authority to order the manner of partition before determining those interests.

We conclude that the trial court lacked the authority to order the sale of the property before it determined the parties' respective ownership interests. This holding, however, does not prevent the court on remand from finding, after it determines the

parties' ownership interests, that "under the circumstances, sale and division of the proceeds would be more equitable than division of the property." (§ 872.820, subd. (b).)

III.

DISPOSITION

The trial court's January 2017 order is reversed. Summers and Gomez are awarded their costs.

_____

Humes, P.J.

We concur:

_____

Margulies, J.

_____

Banke, J.

*Summers et al. v. Superior Court* A151128

7

Trial Court:

San Francisco County Superior Court

Trial Judge:

Hon. Ronald Evans Quidachay

Counsel for Petitioners:

Arthur J. Liu, Inter-Pacific Law Group Inc.

Counsel for Real Party in Interest:

Daniel A. Conrad, Law Offices of Daniel A. Conrad

Elisabeth Hanowsky, Law Offices of Daniel A. Conrad

*Summers et al. v. Superior Court*  A151128