[No. B102814. Second Dist., Div. Five. Aug. 29, 1996.]

ROBIN CERIALE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JOSEPH TABACK et al., Real Parties in Interest.

## COUNSEL

Frederickson & Young, David H. Frederickson, Brian M. Plessala, Parker, Mills & Patel and David B. Parker for Petitioner.

No appearance for Respondent.

Haight, Brown & Bonesteel, Rita Gunasekeran and Jennifer K. Saunders for Real Parties in Interest.

## OPINION

**TURNER, P. J.**—Plaintiff, Robin Ceriale, has filed a legal malpractice complaint against defendant, Joseph Taback, the attorney who represented her in a marriage dissolution proceeding, and his professional corporation.[1] She challenges an order of the respondent court granting the motion of defendant to bifurcate the trial and try certain matters as equitable issues without a jury. We conclude the plaintiff is entitled to a jury trial despite the fact the underlying lawsuit was one that would only be the subject of a bench trial.

The operative complaint alleges causes of action for: contract breach; professional negligence; negligent misrepresentation; fiduciary duty breach; and negligent and intentional infliction of emotional distress. All of plaintiff's claims involved allegations of negligence or neglect by defendant in connection with an underlying marital dissolution lawsuit. Plaintiff alleged defendant failed to take the following steps to protect her interests: defendant recommended and induced plaintiff to stipulate to a settlement agreement which contained an inadequate level and duration of spousal support; the

---

[1]For purposes of clarity, both Mr. Taback and his professional corporation will be referred to as defendant.

settlement agreement should not have been nonmodifiable; her former husband was assigned under the terms of the agreement an insufficient level of monthly mortgage payments to pay off loans encumbering the family residence; defendant gave faulty tax advice; defendant neglected to take steps to correct an ambiguity in the settlement agreement which allocated plaintiff's former husband's salary bonuses; the settlement agreement did not contain a provision for attorney fees; defendant failed to investigate plaintiff's former husband's preseparation encumbrances on the marital estate and stock transactions; defendant did not properly argue the issue of the relationship of plaintiff's spousal support to her obligations to make loan payments; he failed to contest community property interests in stock; defendant permitted the family residence to be lost due to foreclosure because he failed to take steps to ensure plaintiff's former husband paid a greater share of the loan payments and provide for a sale of the home; defendant delayed three years in securing effective wage assignment; defendant neglected to seek to hold plaintiff's former husband in contempt for selling certain stock; defendant did not properly supervise an accountant in valuing certain stock, assessing the value of plaintiff's former husband's benefit package, and reviewing the family checking accounts; and defendant failed to assert an interspousal tort claim against her former husband for secreting assets of the marital property estate.[2]

On or about May 14, 1996, defendant filed a motion to bifurcate the "equitable" issues in the trial and have them tried by the court. The motion requested the equitable issues be tried first prior to the jury trial on the legal questions. No declaration was filed in support of the bifurcation motion. However, defendant's moving papers indicated that an expert opinion witness had identified only three areas where the legal representation in the underlying dissolution of marriage action allegedly fell below the standard of care. The unsworn allegation in the moving papers indicated plaintiff's expert witness would testify defendant's conduct fell below the standard of care for an attorney in the following three respects: "1. Failure to obtain a sufficient permanent support in amount and duration; [¶] 2. Failure to enforce [plaintiff's former husband's] obligation to file and pay 1992 joint income tax liability; and 3. Failure to obtain [plaintiff's former husband's] contribution of attorneys fees for [plaintiff]." The moving papers argued that in order to prove legal malpractice, plaintiff would have to demonstrate that defendant's efforts in the dissolution action fell below the applicable standard of care. Defendant reasoned that there was no right to a jury trial in the underlying marital dissolution action which, when the estate was divided by

---

[2]We emphasize these allegations concerning defendant are just that, allegations and nothing more. No evidence to support them has been presented at this stage of the litigation. The accuracy of these allegations remains for determination at a trial.

the court, was an equitable action. (*Porter* v. *Superior Court* (1977) 73 Cal.App.3d 793, 798 [141 Cal.Rptr. 59]; Fam. Code, § 2550.)[3] Further, defendant contended that the respondent court had the power to bifurcate issues pursuant to Code of Civil Procedure section 598.[4] The respondent court determined to try the aforementioned equitable issues first as a bench trial. The respondent court reasoned this was because in the underlying family law proceeding, there was never any right to a jury trial. Recognizing the difficulty of the issue, the experienced and knowledgeable trial judge also noted this was an issue which probably required final clarification by an appellate court opinion.

The right to a jury trial in a civil action is delineated in the California Constitution and in statute. Article I, section 16 of the California Constitution states: "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute. [¶] In civil causes the jury shall consist of 12 persons or a lesser number agreed on by the parties in open court. In civil causes in municipal or justice court the Legislature may provide that the jury shall consist of

---

[3]Family Code section 2550 provides: "Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, or as otherwise provided in this division, in a proceeding for dissolution of marriage or for legal separation of the parties, the court shall, either in its judgment of dissolution of the marriage, in its judgment of legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide the community estate of the parties equally."

[4]Code of Civil Procedure section 598 provides: "The court may, when the convenience of witnesses, the ends of justice, or the economy and efficiency of handling the litigation would be promoted thereby, on motion of a party, after notice and hearing, make an order, no later than the close of pretrial conference in cases in which such pretrial conference is to be held, or, in other cases, no later than 30 days before the trial date, that the trial of any issue or any part thereof shall precede the trial of any other issue or any part thereof in the case, except for special defenses which may be tried first pursuant to Sections 597 and 597.5. The court, on its own motion, may make such an order at any time. Where trial of the issue of liability as to to all causes of action precedes the trial of other issues or parts thereof, and the decision of the court, or the verdict of the jury upon such issue so tried is in favor of any party on whom liability is sought to be imposed, judgment in favor of such party shall thereupon be entered and no trial of other issues in the action as against such party shall be had unless such judgment shall be reversed upon appeal or otherwise set aside or vacated. [¶] If the decision of the court, or the verdict of the jury upon the issue of liability so tried shall be against any party on whom liability is sought to be imposed, or if the decision of the court or the verdict of the jury upon any other issue or part thereof so tried does not result in a judgment being entered pursuant to this chapter, then the trial of the other issues or parts thereof shall thereafter be had at such time, and if a jury trial, before the same or other jury, as ordered by the court either upon its own motion or upon the motion of any party, and judgment shall be entered in the same manner and with the same effect as if all the issues in the case had been tried at one time."

All future undesignated statutory references are to the Code of Civil Procedure.

eight persons or a lesser number agreed on by the parties in open court. [¶] . . . In criminal actions in which a misdemeanor is charged, the jury shall consist of 12 persons or a lesser number agreed on by the parties in open court." The following is the test for when a jury trial right exists: "The right to a jury trial is guaranteed by our Constitution. (Cal. Const., art. I, § 16.) ■ We have long acknowledged that the right so guaranteed, however, is the right as it existed at common law in 1850, when the Constitution was first adopted, 'and what that right is, is a purely historical question, a fact which is to be ascertained like any other social, political or legal fact.' [Citations.] As a general proposition, '[T]he jury trial is a matter of right in a civil action at law, but not in equity.' [Citations.] [¶] As we stated in *People* v. *One 1941 Chevrolet Coupe* [(1951) 37 Cal.2d 283, 299 (231 P.2d 832)], ' "If the action has to deal with ordinary common-law rights cognizable in courts of law, it is to that extent an action at law. In determining whether the action was one triable by a jury at common law, the court is not bound by the form of the action but rather by the nature of the rights involved and the facts of the particular case—the *gist* of the action. A jury trial must be granted where the *gist* of the action is legal, where the action is in reality cognizable at law." ' ([Citation], fn. omitted, italics added.) On the other hand, if the action is essentially one in equity and the relief sought 'depends upon the application of equitable doctrines,' the parties are not entitled to a jury trial. [Citations.] ■ Although we have said that 'the legal or equitable nature of a cause of action ordinarily is determined by the mode of relief to be afforded' [citation], the prayer for relief in a particular case is not conclusive [citations]. Thus, 'The fact that damages is one of a full range of possible remedies does not guarantee . . . the right to a jury . . . .' [Citation.]" (*C & K Engineering Contractors* v. *Amber Steel Co.* (1978) 23 Cal.3d 1, 8-9 [151 Cal.Rptr. 323, 587 P.2d 1136].) The California Supreme Court delineated the constitutional jury trial right trial as follows: "But if a proceeding otherwise identifiable in some sense as a 'civil action at law' did not entail a right to jury trial under the common law of 1850, then the modern California counterpart of that proceeding will not entail a *constitutional* right to trial by jury. [Citations.]" (*Crouchman* v. *Superior Court* (1988) 45 Cal.3d 1167, 1174 [248 Cal.Rptr. 626, 755 P.2d 1075], original italics.)

■ Based on the foregoing principles, it is well established there is a right to a jury trial on plaintiff's claims in the present lawsuit. There is a jury trial right on the contract breach cause of action. (*Raedeke* v. *Gibraltar Sav. & Loan Assn.* (1974) 10 Cal.3d 665, 671 [111 Cal.Rptr. 693, 517 P.2d 1157]; *Davis* v. *Security-First Nat. Bank* (1934) 1 Cal.2d 541, 542 [36 P.2d 649].) Further, there is a jury trial right in a negligence action which solely seeks damages because such a claim is normally an action at law. (§ 592; *Morris* v.

*Oney* (1963) 217 Cal.App.2d 864, 873-874 [32 Cal.Rptr. 88]; *Cowlin* v. *Pringle* (1941) 46 Cal.App.2d 472, 475 [116 P.2d 109].) One form of legal malpractice is negligence. (*Budd* v. *Nixen* (1971) 6 Cal.3d 195, 200 [98 Cal.Rptr. 849, 491 P.2d 433]; *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 180-181 [98 Cal.Rptr. 837, 491 P.2d 421]; *Estate of Kruger* (1900) 130 Cal. 621, 626 [63 P. 31]; *Gambert* v. *Hart* (1872) 44 Cal. 542, 552-553; 1 Witkin, Cal. Procedure (3d ed. 1985) Attorneys, § 228, pp. 257-258.) Even in the English common law, a lawyer's actions below the standard of care were recognized as a negligent act and damages were available as compensation. (See *Gambert* v. *Hart, supra,* 44 Cal. at pp. 552-553.) The same is true as to plaintiff's emotional distress claims, damages are sought and a jury trial is a matter of constitutional right. (§ 592.)

We respectfully disagree with defendant's argument that because the underlying action was equitable in nature, the present contract breach, negligence, and emotional distress claims are not the proper subject of a jury trial right. Defendant reasons that the issues of liability and damage will involve questions of law over which the family law court would have exercised its equitable powers. The fact that equitable principles may come into play during the trial in this legal malpractice lawsuit in resolving liability and damage issues does not abrogate the constitutional jury trial right. (*C. & K. Engineering Contractors* v. *Amber Steel Co., supra,* 23 Cal.3d at p. 10; *McCall* v. *Superior Court* (1934) 1 Cal.2d 527, 537 [36 P.2d 642, 95 A.L.R. 1019]; *Van de Kamp* v. *Bank of America* (1988) 204 Cal.App.3d 819, 864 [251 Cal.Rptr. 530]; *Paularena* v. *Superior Court* (1965) 231 Cal.App.2d 906, 912 [42 Cal.Rptr. 366]; see *Raedeke* v. *Gibraltar Sav. & Loan Assn., supra,* 10 Cal.3d at p. 674, fn. 4.)[5]

The interplay between equitable principles and an action at law for legal malpractice premised on negligence was illustrated by the California Supreme Court in *Smith* v. *Lewis* (1975) 13 Cal.3d 349, 362 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231]. In *Smith,* a wife asserted her lawyer committed professional negligence in an underlying divorce action. (*Id.* at p. 353.) The malpractice action was tried before a jury. (*Id.* at p. 355, fn. 3.) The Supreme Court illustrated the application of equitable principles in the action at law for professional negligence as follows: "A court of law, however, has no power to duplicate the variety of remedies available to a

---

[5]Our conclusion that a jury trial is available in a malpractice action even though the underlying lawsuit involved the application of the equitable powers of the court is consistent with the conclusions of other jurisdictions. (*Phillips* v. *Clancy* (1986) 152 Ariz. 415 [733 P.2d 300, 306-307]; *Pickett* v. *Haislip* (1987) 73 Md.App. 89 [533 A.2d 287, 289]; *Helmbrecht* v. *St. Paul Ins. Co.* (1985) 122 Wis.2d 94 [362 N.W.2d 118, 126]; *Chocktoot* v. *Smith* (1977) 280 Or. 567 [571 P.2d 1255, 1257].)

divorce court sitting in equity. In an action at law for malpractice, as in any negligence suit, the court is limited in its remedy to one award of money damages because it lacks the equitable power of contempt to enforce its judgment. Accordingly, the sum is this case was necessarily derived from an actuarial projection of the accumulated damage suffered by plaintiff now and in the future. By this method, the trial court was best able to approximate within its acknowledged powers the value of the claim lost to plaintiff through defendant's negligence." (*Id.* at p. 362, fn. omitted.) In the present case, as in *Smith,* the equitable nature of the underlying dissolution of marriage lawsuit does not abrogate plaintiff's right to bring an action at law with the ensuing jury trial right.

One final point warrants emphasis. This is an action at law subject to the rules applicable to such a lawsuit. If facts are such, any issue can be resolved by means of a summary judgment or adjudication (§ 437c), nonsuit (§ 581c), directed verdict (§ 629), or any other procedural technique that lawfully withdraws a question from juror consideration. Nothing in this opinion should be read to suggest otherwise. All we are holding is that as to the issues identified in the motion to sever, they cannot be severed and tried separately as equitable matters by the respondent court without a jury. We leave the application of rules of law to particular issues as they would arise before and during any jury trial in the good hands of the respondent court.

Let a peremptory writ issue directing the respondent court to set aside its ruling of June 15, 1996, granting the severance motion and enter a new order denying the bifurcation request. Plaintiff, Robin Ceriale, shall recover her costs incurred in connection with this extraordinary writ proceeding from Joseph Taback, Esq., and Joseph Taback, a Professional Corporation.

Armstrong, J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied September 26, 1996, and the petition of real parties in interest for review by the Supreme Court was denied December 11, 1996. Baxter, J., and Brown, J., were of the opinion that the petition should be granted.