Filed 11/30/17; pub. order 12/8/17 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOSEPH HOWETH, et al., | D072136 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2014-00034982-CU-MC-NC) |
| TINA COFFELT, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Timothy M. Casserly, Judge. Appeal dismissed.

Robert L. Shipley and Brandon S. Grey, for Plaintiffs and Appellants.

Galuppo & Blake, Louis A. Galuppo, Steven W. Blake and Andrew E. Hall, for Defendant and Respondent.

Joseph and Monique Howeth own a beachfront home in Oceanside that shares a driveway with the neighboring home, owned by Tina Coffelt. After the parties were unable to amicably share the driveway in accordance with an easement governing its use, the Howeths sued Coffelt, seeking injunctive relief. The neighbors ultimately reached a

settlement agreement, which included a stipulation to the entry of judgment to resolve the lawsuit. The agreement also purported to allow the parties to seek a $1,000 fine in court if the other neighbor refused to comply with the agreement. When Coffelt allegedly began to ignore the agreement's restrictions on the use of the driveway, the Howeths filed a postjudgment motion seeking an "interim judgment" awarding them $12,000 in fines, plus attorney fees.

The trial court denied the motion, finding that it did not have continuing jurisdiction to consider the motion and directed the Howeths to file a new lawsuit for breach of contract. Instead, the Howeths appeal. They argue that the trial court has continuing jurisdiction to enforce the stipulated judgment and erred in denying the motion. As we discuss, however, the order is not appealable and, accordingly, the appeal must be dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

The Howeths own a beachfront house in Oceanside. Coffelt's house next door is a mirror image of the Howeths' house, with the two houses separated by a shared driveway that straddles the property line and provides the only vehicular access to their respective garages. When the houses were built in 2013, the developer recorded a reciprocal easement that governs use of the driveway. The easement permits both homeowners to use the driveway to access their garages, but provides that "[n]o vehicles shall be parked within the Easement Area."

The Howeths allege that Coffelt and her guests ignored the easement and repeatedly parked in the driveway. In turn, Coffelt asserts that the Howeths' guests and

2

staff often park in the driveway in violation of the easement. Coffelt also generally complains that the Howeths are using their house for short-term vacation rentals, leading to excessive noise and crowds at the house. Both the Howeths and Coffelt allege the other has engaged in abusive behavior arising from the dispute over the driveway and use of the properties.

After the relationship between the neighbors had completely deteriorated, the Howeths filed a lawsuit seeking injunctive relief to prevent Coffelt from parking in the driveway.

After several months of litigation, the parties appeared for a mandatory settlement conference and reached an agreement to settle the dispute. The parties recited the agreement orally before the court and, as such, it is not a model of clarity. Nevertheless, the parties appeared to agree that they could both park on the driveway, but only within a 7-foot by 20-foot rectangle in front of the respective garage doors. Maintenance vehicles for major repairs could park outside this area if the owner provides 24-hour notice via e-mail, with another exception for emergencies. The parties also agreed to not (1) post disparaging signs about each other, (2) take photographs of the inside of each other's home or garage, or (3) take photographs of each other's guests beyond the shared driveway. Next, the neighbors agreed to keep their trash cans in a specific area along the back wall of the driveway. The parties agreed not to address each other or guests except to ask for removal of vehicles from the driveway.

To enforce the agreement, the parties stipulated that any violation of these rules would permit the nonviolating party to notify the violating party via e-mail and would

3

subject the violating party to a $500 fine. In anticipation of a party refusing to pay the fine, the parties agreed that "if an action [is] required to enforce payment of the easement violation amount or what we have chosen to call the fine, the amount of the fine will be $1,000. The prevailing party shall be entitled to recover attorney's fees and costs in bringing the enforcement action." The parties also agreed that the agreement "shall be enforceable via contempt proceedings on an expedited basis pursuant to the judgment entered by this court today." All parties acknowledged that the agreement was a "legally binding contract" that would result in a stipulated judgment. Subsequently, the court entered judgment "according to the stipulation of the parties" as orally stated before the court.

The settlement agreement and resulting judgment failed to resolve the dispute between the neighbors. Approximately six months after entry of judgment, the Howeths filed a motion for "entry of interim money judgment" against Coffelt seeking $12,000 in fines, plus costs and attorney fees, arising from allegations of 12 separate violations by Coffelt after which she refused to pay the fine. The Howeths supported their motion with declarations establishing the alleged violations.

The trial court declined to enter an "interim judgment" and denied the motion. In its order, it concluded the court "is without jurisdiction to entertain the Plaintiffs' motion, and the parties' remedy is to pursue a breach of contract claim for any purported breach of the settlement agreement." The Howeths now appeal that order.

4

DISCUSSION

This court cannot entertain an appeal taken from a nonappealable judgment or order. "[T]he question of whether an order is appealable goes to the jurisdiction of an appellate court, which is not a matter of shades of grey but rather of black and white." (*Farwell v. Sunset Mesa Property Owners Ass'n, Inc.* (2008) 163 Cal.App.4th 1545, 1550.)

The Howeths contend the court's order is an appealable order after judgment pursuant to section 904.1, subdivision (a)(2), of the Code of Civil Procedure.[1] ("An appeal . . . may be taken from . . . an order made after a judgment made appealable by paragraph (1)".)

As plainly stated in the statute, the order must be made after an appealable judgment. (§ 904.1(a)(2).) Here, the resulting judgment was a consent judgment, entered pursuant to a settlement agreement between the parties and a stipulation for judgment based on that agreement. "A stipulated or consent judgment is 'a judgment entered by a court under the authority of, and in accordance with, the contractual agreement of the parties [citation], intended to settle their dispute fully and finally [citation].' " (*City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 600 (*City of Gardena*); quoting *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 400.)

Consent judgments, however, are not appealable. (*Norgart v. Upjohn Co.*, *supra*, 21 Cal.4th at p. 400.) It follows, therefore, that because "the consent judgment is

---

[1]     All further statutory references are to the Code of Civil Procedure.

5

nonappealable, it is not 'a judgment made appealable' by section 904.1, subdivision (a)(1). Thus, section 904.1, subdivision (a)(2), which requires such an appealable judgment, has no application to the orders entered in this case." (*City of Gardena*, *supra*, 192 Cal.App.4th at p. 600; see also *People ex rel. Dept. of Transp. v. Superior Court* (2012) 203 Cal.App.4th 1505, 1509-1510.) Here, the court's order denying the Howeths' motion was entered after the consent judgment, which is not appealable and precludes the current appeal.

The Howeths cite two cases that create exceptions to this general rule. First, in *Water Replenishment District of Southern California v. City of Cerritos* (2012) 202 Cal.App.4th 1063, the court accepted the reasoning of *City of Gardena*, but nevertheless found an exception applied only for cases involving water rights. (*Water Replenishment District of Southern California, supra,* at p. 1070 ["The grant of jurisdiction to redetermine matters and the duty to ensure the reasonable beneficial use of water distinguishes this case from most consent judgments and renders inapplicable the general rule that by consenting to a judgment, a party waives all opposition to the judgment"]; see also *Rancho Pauma Mutual Water Company v. Yuima Municipal Water District* (2015) 239 Cal.App.4th 109, 114-115 [recognizing exception for water rights case].) This proceeding obviously does not involve water rights and this exception does not apply here.

Second, in *Ruiz v. California State Automobile Association Inter-Insurance Bureau* (2013) 222 Cal.App.4th 596 (*Ruiz*), the parties settled a class action lawsuit, but the agreement permitted plaintiffs' counsel to seek attorney fees in an amount determined

by the trial court.  (*Id.* at pp. 600-601.)  After the trial court determined the amount of reasonable attorney fees, plaintiff appealed the order as an order after judgment.  (*Id.* at pp. 601-602.)

On appeal, the court in *Ruiz* declined to apply *City of Gardena* to find the fee order to be nonappealable.  The court held that "where the Agreement expressly contemplated further court proceedings and a separate ruling on the attorney fee and incentive payment issues, *Gardena* is distinguishable."  (*Ruiz, supra,* 222 Cal.App.4th at p. 606.)

The exception discussed in *Ruiz* does not apply here.  In *Ruiz*, the parties expressly recognized a discrete issue that remained outstanding at the time of judgment and reserved jurisdiction for the trial court to determine the proper amount of reasonable attorney fees.  Thus, *Ruiz* is unlike *City of Gardena*, where the parties expressed that the settlement agreement was intended by the parties "to settle their dispute fully and finally."  (*City of Gardena*, *supra*, 192 Cal.App.4th at p. 600.)

Here, the agreement between the Howeths and Coffelt did not "expressly contemplate[] further court proceedings and a separate ruling."  Instead, they agreed that "this agreement, stipulated judgment, represents a final resolution of all their disputes as of today's date."  Although they acknowledged the judgment "shall be enforceable via contempt proceedings," they *did not* acknowledge they were expressly contemplating further court proceedings on a discrete issue that was not resolved at the time of entry of judgment.  The Howeths and Coffelt manifested an intent to settle their dispute fully and finally and no exception to the rule set forth in *City of Gardena* applies here.

7

Even assuming *City of Gardena* does not apply here, the trial court's order would still not be appealable under well-established rules. As we will explain, the court's order does not relate to the underlying judgment and, therefore, is not an appealable order after judgment.

The Howeths' assertion the trial court's order denying their motion is an appealable order after judgment necessarily implies that the underlying judgment was an appealable, final judgment. A judgment is final, and therefore appealable, only if it terminates the trial court proceedings and completely disposes of the matter in controversy. (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 697.)

Indeed, the judgment, although a consent judgment, appears to be a final judgment completely disposing of the Howeths' lawsuit. As stated by the Howeths' attorney, "[t]he parties have agreed this action shall be resolved by a stipulated judgment between the parties." The judgment entered by the court was the result of the agreement in which the parties stipulated to entry of a judgment enjoining Coffelt, and the Howeths, from parking on the driveway beyond a small area near the respective garages. As such, it fully and finally disposed of the dispute alleged in the complaint regarding the scope and interpretation of the easement governing the use of the shared driveway. The complaint defines, and necessarily limits, the relief that may be granted by the court in a resulting judgment. (§ 580.)

If the judgment is a final resolution of the matters in controversy, it follows that the Howeths' motion was not seeking to enforce that judgment. To enforce the *judgment* granting injunctive relief, the Howeths could have invoked the court's contempt power.

8

(§§ 681.010, 717.010, 1209, subd. (a)(5).) The Howeths' motion mentioned the court's contempt power, but their motion does not seek contempt relief. Instead, they sought an award of damages, which is not permitted in a contempt proceeding. (§§ 1218, 1219.)

By seeking an award of damages, the motion was instead aimed at enforcing the settlement agreement. In addition to stipulating to the entry of judgment to fully and finally settle the *current* dispute, the settlement agreement established an enforcement mechanism to be applied in the case of *future* disputes. The language of the agreement supports this conclusion. The agreement repeatedly referred to "bringing an action to enforce payment of the fine." In regard to the judgment, the parties agreed that it "shall be enforceable via contempt proceedings on an expedited basis pursuant to the judgment entered by this court today." The parties agreed that enforcement of the judgment would occur via a contempt proceeding — which does not permit an award of damages, as discussed above — and enforcement of the settlement agreement would occur via a separate "action," not motion.

It is undisputed that the order denying the Howeths' motion was entered after judgment. But this temporal circumstance, standing alone, is insufficient to establish the appealability of the order. To be appealable, a postjudgment order " 'must either affect the judgment or relate to it by enforcing it or staying its execution.' " (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651-652.) Because the Howeths' motion seeks to enforce the *settlement agreement* rather than the *judgment*, it does not affect or relate to the judgment and is not appealable.

9

To avoid this conclusion, the Howeths are attempting to have it both ways by contending the judgment was final and appealable, but also asserting that the judgment itself included the enforcement mechanism and contemplated judicial review in the same proceeding to resolve future disputes in perpetuity. In this conception of the judgment, the trial court would be entering successive interlocutory judgments determining imposition of fines for as long as the Howeths and Coffelt own their homes. This, however, would suggest the judgment is *not* final and would violate the " 'one final judgment' rule, which provides 'interlocutory or interim orders are not appealable, but are only "reviewable on appeal" from the final judgment.' " (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292-1293.) The "one final judgment rule" was designed "to prevent piecemeal dispositions and costly multiple appeals which burden the court and impede the judicial process." (*Id.* at p. 1293.)

Thus, to constitute a final judgment, the stipulated judgment here cannot be construed as an interlocutory judgment that reserves jurisdiction for the court to make future determinations regarding the fines owed between the parties. It follows that the Howeths' motion, although filed after entry of the judgment, was seeking to enforce the settlement agreement, *not* the judgment. Accordingly, it is not appealable.

The Howeths attempt to invoke section 664.6, which permits a court to "retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." The application of section 664.6 is irrelevant to the issue of whether the trial court's order is appealable.

10

Section 664.6, however, does not apply in this circumstance. The retention of jurisdiction pursuant to section 664.6 is intended to allow the court to ensure all parties perform pursuant to a settlement agreement that results in a dismissal of a lawsuit. (*Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 439 [amendment to section 664.6 permitting court to retain jurisdiction to enforce the settlement was Legislature's "solution to the problem . . . where the trial court lost jurisdiction of a case, and hence the ability to enforce a settlement agreement, because the terms of the stipulated settlement required or contemplated that the case would be dismissed].) Section 664.6 generally allows a court to enter judgment pursuant to a settlement agreement despite the dismissal of the complaint, which ordinarily deprives the court of continuing jurisdiction.

The Howeths cite no authority suggesting a trial court may retain jurisdiction pursuant to section 664.6 to summarily enforce the terms of a settlement agreement as applied to new disputes that arise after a final judgment is entered. Even when applied expansively in unusual circumstances, the power of the trial court under section 664.6 "is extremely limited." (*Hernandez v. Board of Educ. of Stockton Unified School Dist.* (2004) 126 Cal.App.4th 1161, 1177; see also *Lofton v. Wells Fargo Home Mortgage* (2014) 230 Cal.App.4th 1050, 1061 ["a retention of jurisdiction under section 664.6 is undoubtedly limited"].)

Regardless, even applied expansively, section 664.6 does not authorize the Howeths' motion. The motion is not seeking to compel Coffelt's performance to effectuate the settlement agreement and resolve the dispute at issue in the Howeths' complaint. Instead, the Howeths are seeking to litigate new issues that arose after the

11

settlement and entry of the resulting judgment. To allow the trial court to consider these new issues summarily by way of a postjudgment motion would deprive Coffelt of her full panoply of procedural protections normally available to a defendant before judgment, including discovery and the right to a jury trial. (§ 592; *Ceriale v. Superior Court* (1996) 48 Cal.App.4th 1629, 1634 [right to jury trial for breach of contract claims for damages].) The terms of the settlement do not conclusively establish Coffelt's liability for all future violations of the judgment and do not address the precise procedure for resolving factual disputes regarding the existence of a violation and the appropriate remedy. Those matters were not resolved in the agreement between the parties and cannot be resolved pursuant to section 664.6.

As the trial court recognized, determination of whether the Howeths are entitled to collect the fine from Coffelt for each of her 12 alleged violations of the settlement agreement requires the Howeths to pursue a cause of action for breach of contract. The motion did not attempt to enforce the judgment that resulted from the agreement between the parties, but instead sought to determine whether Coffelt had breached the agreement between the parties. Thus, the order denying the motion is not an appealable order after judgment and the appeal must be dismissed.

Anticipating that this court would hold the order is nonappealable, the Howeths ask this court to exercise its discretion to construe the appeal as a petition for writ of mandate. The Howeths, however, do not establish any exceptional circumstances warranting that relief. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401.) Whether the

12

Howeths are entitled to contractual fines can be resolved in a separate proceeding, providing them with an adequate remedy at law.

## DISPOSITION

The appeal is dismissed.  Coffelt is entitled to her costs on appeal.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


BENKE, J.

13

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOSEPH HOWETH, et al., | D072136 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2014-00034982-CU-MC-NC) |
| TINA COFFELT, | |
| Defendant and Respondent. | ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT:

The opinion in this case filed November 30, 2017 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to California Rules of Court, rule 8.1120(a), for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

Huffman

_____
Acting Presiding Justice

14

cc: All Parties