Filed 6/18/25  Heebner v. Siegel CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| LESA HEEBNER et al., | D084146 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. Nos. 37-2017-00015622-CU-DF-CTL, 37–2017-00040822-CU-DF-CTL) |
| EDWARD SIEGEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert C. Longstreth, Judge.  Affirmed.

Bona Law and Aaron Gott for Defendant and Appellant.

Schwartz Semerdjian Cauley Schena & Bush, Dick A. Semerdjian, Kristen M. Bush; and Keith Rutman, for Plaintiffs and Respondents.

Plaintiffs Lesa Heebner, Mike Nichols, and Joseph Balla (collectively, plaintiffs) executed a preliminary settlement term sheet (term sheet) with defendant Edward Siegel to resolve their defamation and invasion of privacy claims against him.  Plaintiffs moved under Code of Civil Procedure section 664.6 for the entry of a judgment pursuant to the term sheet after the parties were unable to agree on a long-form settlement agreement.[1]  The trial court entered a judgment that recited some—but not all—of the term sheet's provisions, although the court also attached the term sheet and expressly incorporated it by reference.

Siegel claims that the judgment is invalid on two alternative theories.  First, he argues that the judgment does not contain all the material provisions of the term sheet because they are not stated on the "face" of the document.  Second, he asserts that the parties' underlying settlement agreement must be set aside because it contains a material term that is an unenforceable "agreement to agree."  But it is settled law that a judgment includes the contents of documents expressly incorporated by reference.  And Siegel forfeited his unenforceability argument by failing to raise it below.  Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Following Siegel's unsuccessful run for a seat on the Solana Beach City Council, two lawsuits were filed in connection with campaign statements attributed to him or his campaign manager, Brian Hall.  (*Balla v. Hall* (2021) 59 Cal.App.5th 652, 665–666.)  In one suit, Siegel and Hall were accused of defamation by Heebner and Nichols and of false light invasion of privacy by Heebner.  (*Ibid.*)  In the other, Balla also accused Siegel and Hall of

---

[1]     Subsequent undesignated statutory references are to the Code of Civil Procedure.

defamation. (*Id.* at p. 666.) This appeal concerns plaintiffs' efforts to settle their claims against Siegel.

At the end of a full day mediation session conducted by retired Judge Steven Denton in May 2023, the parties, all represented by counsel, signed the term sheet resolving plaintiffs' claims against Siegel. Plaintiffs agreed to dismiss their claims with prejudice in exchange for monetary payments by Siegal in amounts the term sheet specified should be kept confidential. The settlement required the parties to publish "a mutually agreed upon press release with the goal of acknowledging a mutually agreed upon resolution and acknowledging the contribution of each of the parties to the community of Solana Beach, including Siegel's City Song" (press release term). The parties also stipulated that they would "sign a written settlement agreement with confidentiality and standard, customary terms."

The term sheet's final provision stated that the settlement was enforceable under section 664.6. Under this statute, a party may move for the entry of a judgment pursuant to the terms of a stipulated settlement. (§ 664.6, subd. (a).) The parties traded drafts of a settlement agreement in July 2023 but were unable to agree on the exact language. Accordingly, plaintiffs in August 2023 asked the trial court to enter judgment pursuant to the term sheet. They represented that the term sheet contained all the terms material to the parties' agreement, although they did not specifically identify them.[2]

---

2 Plaintiffs' motion, which was publicly filed, disclosed the amounts Siegel agreed to pay to settle the case. On appeal, the parties spend a great deal of time addressing whether this disclosure breached the confidentiality term of the term sheet. We do not address these arguments because this appeal does not include a claim corresponding to this alleged breach, and neither party explains why this alleged breach is pertinent to the issues that *are* before us.

3

Siegel responded by claiming he did not understand the financial component of the term sheet and that he signed it "only to please his attorney at the time." He also claimed to have been unable to consent to the stipulations in the term sheet due to "COVID brain fog" and the exhaustion resulting from the all day mediation, which was conducted when he was 83 years old. As for the substance of the parties' proposed settlement agreements, Siegel pointed out that they did not contain the press release term, which he believed was material.

In reply, plaintiffs noted that Siegel, a practicing psychiatrist and author, is highly educated and had been represented during the mediation by experienced attorneys. Thus, they maintained, his claims of a lack of understanding of the terms of the agreement and inability to consent were not credible. Plaintiffs further argued that the press release term was not material, but that in any event, whether it was or not was essentially moot because they had agreed to the language in Siegel's proposed press release.

The trial court heard plaintiffs' motion in February 2024. For his part, Siegel expanded on his complaint regarding the omission of any reference to the press release, pointing out that even six months later the parties had never published a press release. The court initially thought Siegel was alleging that the press release term was unenforceable, but he clarified that he was only focused on the fact that the term had not been satisfied. The court granted plaintiffs' motion after finding that the term sheet met the requirements of section 664.6 and that its material terms, which it did not identify, were enforceable.

Judgment was entered in March 2024. Although the judgment recited some of the provisions of the term sheet, it omitted the press release and confidentiality terms. Even so, the judgment also attached and expressly incorporated by reference the term sheet which contained those terms.

## DISCUSSION

Siegel's appeal attacks the judgment's validity from two angles. He contends that the judgment must be vacated because the portion of the judgment the court signed does not contain the term sheet's confidentiality and press release terms, which Siegel deems to be material. Alternatively, Siegel contends that the settlement underlying the judgment is invalid because he now believes that the press release term is an unenforceable agreement to agree rather than an enforceable agreement. Plaintiffs counter that we need not reach the merits of Siegel's arguments because the judgment is not appealable and, in any case, his arguments have been forfeited for failure to raise them below. Plaintiffs further contend that the confidentiality and press release terms were made a part of the judgment through incorporation by reference and that the press release term is neither material nor unenforceable.

Appealability is a threshold issue because it implicates our jurisdiction. We "cannot entertain an appeal taken from a nonappealable judgment or order." (*Howeth v. Coffelt* (2017) 18 Cal.App.5th 126, 130.) In arguing that Siegel's appeal must be dismissed, plaintiffs rely on the general rule that "stipulated judgments are not subject to review on appeal" (*Machado v. Myers* (2019) 39 Cal.App.5th 779, 790 (*Machado*)), as "a party cannot appeal from a judgment to which the party stipulated as part of a settlement." (*Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 666.) But a judgment entered under section 664.6 that *differs* from the parties'

5

settlement agreement "is not 'in reality a consent judgment.'" (*Machado*, at pp. 789–790.) This means that "if a consent judgment or decree is different from or goes beyond the terms of the stipulation which forms its basis, it may be set aside upon appeal or by other appropriate procedure, as in reality it would not be consent judgment." (*Reed v. Murphy* (1925) 196 Cal. 395, 399; see also *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 359 [stipulated settlement "did not preclude an appeal to determine whether or not the judgment was authorized by the stipulation" even where appeal rights were waived as part of settlement].) Because Siegel alleges that the judgment is different from the term sheet, it is appealable under section 904.1, subdivision (a)(1).[3]

We can dispose of Siegel's argument that the judgment is missing the confidentiality and press release terms in short order because he "elevates form above substance, which we do not do." (*Machado, supra,* 39 Cal.App.5th at p. 789.) Distilled to its essence, Siegel's argument is that the judgment is invalid because the court did not copy the confidentiality and press release terms from the incorporated and attached term sheet and paste them into the "face" of the judgment. This additional step was unnecessary, however, as the law "is settled that a document may be incorporated either expressly or

---

[3]    Before appealing the judgment that they believed did not reflect the parties' stipulation, the defendants in *Machado* moved the trial court to correct the judgment under section 473, subdivision (d) or, in the alternative, to vacate it under section 663. (*Machado, supra,* 39 Cal.App.5th at pp. 797–800.) Here, plaintiffs suggest that the filing of one or both of these motions is a necessary predicate to invoking the *Machado* exception. But nothing in *Machado* indicates that the filing of such a motion is required to preserve a challenge to a judgment entered under section 664.6 that the appellant's claims vary from the parties' settlement agreement.

by apt reference into a judgment or decree so as to make it an operative part of the order of the court." (*Flynn v. Flynn* (1954) 42 Cal.2d 55, 59.)

The application of well-settled legal principles also dooms Siegel's alternative argument that the judgment must be vacated because the press release term in the underlying settlement agreement is unenforceable. When resolving a section 664.6 motion, a court "must determine whether the parties entered into an enforceable settlement." (*Eagle Fire & Water Restoration, Inc. v. City of Dinuba* (2024) 102 Cal.App.5th 448, 467 (*Eagle Fire*).) In opposing plaintiffs' motion in the trial court, Siegel focused his arguments about the press release term exclusively on his complaint that it had not been satisfied. Having failed to raise below the enforceability concerns he now seeks to pursue, Siegel has forfeited the issue.[4] (*Krechuniak, supra*, 11 Cal.App.5th 713, 725 [" 'It is the general rule that a party to an action may not, for the first time on appeal, change the theory of the cause of action' "].)

---

[4] Resolving whether the press release term renders the term sheet unenforceable would require us to delve into materiality and unenforceability, which are questions of fact. (*Eagle Fire, supra*, 102 Cal.App.4th at pp. 467–468 [materiality]; *Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 308 [unenforceability].) The parties did not submit evidence on these points despite the trial court's authority to consider it. (*Eagle Fire*, at p. 469.) Accordingly, we decline to exercise our discretion to make an exception to the forfeiture rule. (*Krechuniak v. Noorzoy* (2017) 11 Cal.App.5th 713, 725 (*Krechuniak*) [" 'There are exceptions but the general rule is especially true when the theory newly presented involves controverted questions of fact or mixed questions of law and fact' "].)

## DISPOSITION

The judgment is affirmed.  Plaintiffs shall recover their costs on appeal.


                                                                    DATO, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.