Filed 5/22/26  P. v. Wimberly CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARRY WIMBERLY,<br><br>    Defendant and Appellant. | C103166<br><br>(Super. Ct. No. 02F09968) |

Larry Wimberly appeals from an order denying his motion for postjudgment discovery under the California Racial Justice Act of 2020 (RJA) (Stats. 2020, ch. 317, § 3.5; Pen. Code,[1] § 745).  He contends the trial court erred by denying his motion without first appointing counsel.  Because the order is not appealable, we dismiss the appeal.

BACKGROUND

We described the facts underlying Wimberly's convictions in this case when a different panel of this court affirmed the judgment in *People v. Wimberly* (Jan. 17, 2007, C045556) [nonpub. opn.].  For our purposes here, it suffices to say that Wimberly was

---

[1] Undesignated statutory references are to the Penal Code.

1

convicted of two counts of rape and one count of kidnapping to commit rape after a 2003 jury trial. He remains in prison for those crimes.

In 2020, the Legislature enacted the RJA "because discrimination based on race, ethnicity, or national origin … has a deleterious effect not only on individual criminal defendants but on our entire legal system." (Assem. Bill No. 1071 (2025-2026 Reg. Sess.) § 1 (Assembly Bill 1071).) The RJA precludes the state from seeking or obtaining a criminal conviction or seeking, obtaining, or imposing a sentence on the basis of race, ethnicity, or national origin. (*People v. Serrano* (2024) 106 Cal.App.5th 276, 284 (*Serrano*).) Among other things, the law "provides a mechanism for defendants to obtain discovery in support of any 'potential violation' " of its provisions. (*Id.* at p. 287.) Thus, upon a showing of good cause (§ 745, subd. (d)),[2] eligible defendants may obtain "postjudgment discovery … in anticipation of filing a habeas corpus petition." (*Serrano*, at p. 291.)

Relatedly, those who seek habeas corpus relief due to an RJA violation are entitled to appointment of counsel if they "cannot afford counsel and … the petition pleads a plausible allegation of a violation of subdivision (a) of Section 745." (§ 1473, subd. (e)(5); see *McIntosh v. Superior Court* (2025) 110 Cal.App.5th 33, 44 ["based on the plain language in section 1473[, subd. ](e), two separate and distinct inquiries take place during the informal pleading stage of habeas corpus proceedings when an indigent petitioner asserts an RJA claim and asks the court to appoint counsel"; "the court's review of the sufficiency of the pleadings before deciding whether to appoint counsel is not identical to its review before deciding whether to issue an" order to show cause].)

---

[2] "Good cause" for discovery under the RJA requires showing a "minimally plausible basis exists to grant discovery." (*McDaniel v. Superior Court* (2025) 111 Cal.App.5th 228, 244.)

In February 2024, Wimberly filed a document in the trial court (captioned "Motion for Relief Due to Discrimination") alleging violations of the RJA in his case and requesting discovery and appointment of counsel.[3] Reasoning that Wimberly had to file a petition for writ of habeas corpus to obtain substantive relief, the trial court denied the substantive RJA claims, but ordered the district attorney to file a response to Wimberly's discovery requests. When Wimberly appealed the trial court's order, a different panel of this court ruled the order was nonappealable and proper relief was by writ.

After receiving the district attorney's opposition and Wimberly's response, the trial court in December 2024 denied Wimberly's RJA discovery requests without prejudice to Wimberly filing another motion that (1) advanced a plausible factual foundation that a violation of the RJA might have occurred in his case, (2) sought records that were in the state's possession, and (3) was not overbroad. Wimberly appealed.

DISCUSSION

I

*Appealability*

Represented by counsel on appeal, Wimberly contends in his opening brief that the trial court's order denying his discovery requests is an appealable order because it infringes on his rights under the RJA. The People argue the order is not appealable under *Serrano*, a decision by a different panel of this court. In his reply brief, Wimberly contends that recent changes to the RJA mean "*Serrano*'s 2024 analysis no longer fully controls" on the question of appealability. We agree with the People.

---

[3] He alleged, inter alia, that the prosecutor solicited racially discriminatory testimony from the woman he raped and that his sentence was based in part on racial bias. He requested, inter alia, a "racial breakdown" of the sentences imposed for rape in Sacramento County between 1995 and January 2024.

The right of appeal is statutory and a judgment or order is not appealable unless expressly made so by statute. (*Serrano*, *supra*, 106 Cal.App.5th at p. 292.) Accordingly, because no provision of the RJA expressly provides that the denial of a defendant's postjudgment discovery request or request for counsel is appealable, such a denial is appealable only if it is an order made after judgment that affects the defendant's substantial rights. (*Serrano*, at p. 292; § 1237, subd. (b) [an appeal may be taken from "any order made after judgment, affecting the substantial rights of the party"].)

In *Serrano*, the court ruled that an order denying postjudgment RJA discovery is not appealable because it is "not an order 'after judgment' (§ 1237, subd. (b)) in the *criminal* action, but … an interlocutory order in a current or future habeas proceeding." (*Serrano*, *supra*, 106 Cal.App.5th at p. 292.) *Serrano* also explains that RJA postjudgment discovery is "merely a precursor to a criminal defendant asserting a claim under the [RJA], not an end in itself. Whether or not discovery is disclosed will not directly affect [a] defendant's custody status, conviction, or sentence. Postjudgment discovery sought under the [RJA] in connection with or in preparation for filing a petition for writ of habeas corpus is likewise an interlocutory order in connection with the anticipated filing of that habeas corpus petition." (*Id.* at pp. 292-293.) The same reasoning applies to a postjudgment request for appointment of counsel under the RJA. Thus, under *Serrano*, the trial court's December 2024 order is not appealable.

Wimberly's contention that *Serrano* "no longer fully controls" in light of Assembly Bill 1071's recent changes to the RJA and related provisions of the Penal Code is conclusory and unsupported by meaningful legal analysis. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [appellant must present meaningful legal analysis supported by citations to authority].) In fact, when the Legislature passed Assembly Bill 1071, it *declined* to expressly authorize appeals from orders like the one at issue here. The version of Assembly Bill 1071 that introduced the legislation proposed adding new section 1473.2, which would have granted a right to appeal from orders denying

4

appointment of counsel and denying disclosures in RJA proceedings. (Assem. Bill 1071 (2025-2026 Reg. Sess.) as introduced Feb. 20, 2025; see Sen. Com. on Public Safety, Analysis of Assem. Bill 1071 (2025-2026 Reg. Sess.) as amended Jun. 13, 2025, p. 10.) But no such right to appeal is present in the final legislation signed by the Governor. Thus, the current version of the RJA (and its legislative history) does not undermine *Serrano*'s analysis.

Accordingly, the trial court's December 2024 order is not appealable.

II

*We Decline to Treat the Appeal as a Petition for Writ of Mandate*

Wimberly asks us to treat his appeal as a petition for writ of mandate if we conclude the trial court's December 2024 order is not appealable. The People argue Wimberly has not demonstrated that his case warrants the exercise of our discretion to construe his appeal as a petition for writ of mandate. We agree with the People.

" 'An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances.' (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367.) Our state Supreme Court has found circumstances appropriate to justify this course 'where [1] requiring the parties to wait for a final judgment might lead to unnecessary trial proceedings, [2] the briefs and record included in substance the necessary elements for a proceeding for a writ of mandate, [3] there was no indication the trial court would appear as a party in a writ proceeding, [4] the appealability of the order was not clear, and [5] all the parties urged the court to decide the issue rather than dismiss the appeal.' (*Id*. at p. 1367[, discussing the five factors identified in *Olson v. Cory* (1983) 35 Cal.3d 390].)" (*Williams v. Impax Laboratories, Inc*. (2019) 41 Cal.App.5th 1060, 1071-1072.)

5

Consideration of the five *Olson* factors aids appellate courts in determining whether they are faced with an " 'extraordinary circumstance[]' " that calls for construing an appeal as a petition for writ of mandate.  (*Hall v. Superior Court* (2016) 3 Cal.App.5th 792, 807-808; *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367.)  But Wimberly does not discuss the *Olson* factors.  Instead, he offers the conclusory argument that "[g]ood cause exists" to construe his appeal as a petition for writ of mandate.[4]  Because it is his burden to demonstrate why we should exercise our discretion to grant the relief he seeks, Wimberly's failure to grapple with the *Olson* factors is fatal to his request.  (See *People v. Atwood* (2003) 110 Cal.App.4th 805, 811-812 [the burden of persuasion is on the party asserting a claim for relief]; *Williams v. Impax Laboratories, Inc.*, *supra*, 41 Cal.App.5th at p. 1072 [declining to treat an appeal as a writ petition where the appellant "identifie[d] no … circumstances" in her case that were similar to *Olson*]; *Howeth v. Coffelt* (2017) 18 Cal.App.5th 126, 135 [citing *Olson* and explaining that while appellants asked the court to construe their appeal as a petition for writ of mandate, they "d[id] not establish any exceptional circumstances warranting that relief"].)  It is not our duty to make arguments for a party.  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

Therefore, we decline to exercise our discretion to treat the appeal as a petition for writ of mandate.  (See *Ballard v. Taylor* (1993) 20 Cal.App.4th 1736, 1740 [" 'Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders' "].)  Accordingly, we must dismiss Wimberly's appeal.

---

[4]  The case he cites in support of that conclusory assertion was depublished in January 2025, nine months before he filed his opening brief.

6

## DISPOSITION

Wimberly's appeal is dismissed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
KRAUSE, Acting P. J.

/s/
MESIWALA, J.

7